**JONES v. FIRST NAT. BANK OF OKTAHA.**

No. 13117—Opinion Filed Sept. 9, 1924.

(Syllabus.)

1. **Appeal and Error — Discretion of Trial Court—Recesses.**

When, during the progress of a trial before the court and a jury, the court, at the request of one of the parties, grants a recess in the proceedings for a large portion of a day for the express purpose of permitting a witness then on the stand to study, and at the further hearing in the case to present documentary evidence which it then appeared he did not well understand, such action will not be held to constitute reversible error, where it does not appear from the record that during the recess any unfair methods were pursued with the witness or by the witness or that the cause of justice was otherwise made to suffer.

2. **Exemptions—Severed Crops Grown on Homestead.**

Crops grown upon the homestead when matured and severed from the soil are not exempt from forced sale unless same come within the provisions of section 6595, Comp. Stat. 1921, subdivision 15, exempting "all provisions and forage on hand, or growing for home consumption, and for the use of exempt stock for one year."

3. **Taxation—Admissibility of Note—Registration and Payment of Tax.**

The competency as evidence of a note on which and by virtue of section 9608, Comp. Stat. 1921, a tax must be paid, is determined by its condition and status at the time it is offered in evidence, and not at the time the suit was filed. Although the tax thereon was not paid and the note registered by the county treasurer until after the commencement of the trial at which it is offered in evidence, the same will not on said account be rejected as evidence under the provisions of section 9613, Comp. Stat. 1921.

Error from District Court, Muskogee County; B. B. Wheeler, Judge.

Action by C. Jones against First National Bank of Oktaha. Judgment for defendant, and plaintiff appeals. Affirmed.

Vilas V. Vernor, for plaintiff in error.

Ezra Brainerd, Jr., and Chas. P. Gotwals, for defendant in error.

LYDICK, J. By written contract C. Jones sold and thereafter delivered to the First National Bank of Oktaha, Okla., all his cotton crop grown that year upon certain premises by him owned and constituting his homestead. The bank made partial payment to him, declined to pay further, and he brought this action against the bank in the district court of Muskogee county to recover the balance. The bank, by its pleadings, admitted the debt but by answer and cross-petition sought to set off same against its claim against plaintiff in a much larger amount upon 12 promissory notes due it by the plaintiff, and upon which it sought judgment in its cross-petition. The case was tried to the court and a jury. and upon the jury's verdict judgment was rendered in favor of the defendant bank substantially as prayed for. The plaintiff brings the case

here on appeal by petition in error with case-made attached.

The plaintiff in error complains that the lower court committed an abuse of discretion in granting a recess in the proceedings during the progress of the trial from an early hour one afternoon until 9 o'clock the next morning. The leading witness for the bank was on the stand and had become confused in his testimony, and particularly in his explanation of the bank records. To permit the witness to further investigate the bank records and furnish, if he could, data and exemplifications showing the correctness of these records, the recess was permitted. There is no showing made in the record of any unfair method pursued with the witness or by the witness during the recess, or that during that time there was done aught except to secure further competent and material evidence and intelligent explanations thereof. This is not shown to be contrary to the cause of justice. The cause of the defendant bank was likely aided by recess, but not unlawfully so. The rights of the plaintiff are not shown to have been unjustly prejudiced by the continuance. The court did not abuse its discretion. See Jackson v. Levy, 75 Okla. 256, 183 Pac. 505.

Plaintiff in error says the judgment is not sustained by the evidence. His discussion of the evidence as to certain notes goes rather to the reasonableness and weight of the testimony than to its legal sufficiency. His argument should have had much weight with the jury on these points. Counsel for the defendant in error sets out in his brief an abstract of evidence on this point which in our opinion is sufficient to constitute prima facie proof of the matters attacked. Counsel for plaintiff in error filed no reply brief attacking the correctness of these statements of evidence, and therefore, without examining the entire record, we hold the evidence to be sufficient. This is the rule we announced and now believe to be wholesome, in Mires v. Hogan, 97 Okla. 130, 222 Pac. 985, and Turner et al. v. Johnson et al., 86 Okla. 196, 207 Pac. 555.

It is urged that the proceeds of the sale of plaintiff's cotton are exempt from forced sale by reason of the fact that same was grown upon the homestead of the plaintiff. This question is ably discussed at length by the Supreme Court of Texas in the early case of Coates v. Caldwell, 71 Tex. 20. 8 S. W. 922. We are in hearty accord with all that is there said. The court's opinion is well supported by the following well reasoned cases: Allen v. Ashburn (Tex.) 65 S. W. 45; Silberburg v. Thrilling. 82 Tex. 523, 18 S. W. 591; Bailey v. Oliver (Tex.) 9 S. W. 606; Marshall v. Cook. 46 Ga. 302; Horgan v. Amick, 62 Cal. 401; Citizens Nat'l Bank v. Green, 78 N. C. 247; Cook v. Stiel. 42 Tex. 53; McGee v. Fitzer, 37 Tex. 27; Willis v. Moore, 59 Tex. 628.

In subdivision "fifteenth" of section 6595, Comp. Stat. 1921, there is exempted from forced sale "all provisions and forage on hand, or growing, for home consumption, and for the use of exempt stock for the year." We hold that crops grown upon the exempt homestead, when matured and severed from the soil, are not exempt from forced sale unless same came within the exemptions contained in subdivision 15, sec. 6595. supra.

When the defendant bank offered in evidence the notes set out in its cross-petition, it appeared that some of them had been given by individuals and by them negotiated to the bank, and were such notes as, under section 9608, Comp. Stat. 1921, required the payment thereon of a tax to the county treasurer. Some had not been paid. and under section 9613, Comp. Stat. 1921, were inadmissible in evidence. The court sustained the plaintiff's objection based on that ground and refused to admit these notes in evidence. Thereupon the defendant presented these notes to the county treasurer, paid said tax, and the court then permitted the notes to be received in evidence. The plaintiff assigns this as error.

The statute requiring the payment of this tax was intended primarily as a revenue act. The purpose of denying the owner the right to introduce such notes in evidence is to compel the payment of the tax. It is provided in section 9612 that if the holder of a note fails to pay this tax in the time specified in the first section of the act, he may do so at any time thereafter by paying an additional five per cent. thereon as a penalty. The first section referred to does not even limit the time within which the tax can be paid without penalty. It is expressly provided that the tax may be paid at any delayed time, subject possibly to the five per cent. penalty named, and no other penalty or disadvantage for delay in payment is provided. The competency of documentary evidence is to be determined by its condition at the time it is offered in evidence and not at the time the suit was filed. The court did not err in admitting the notes in evidence after the tax was paid. The judgment of the lower court is affirmed.

JOHNSON, C. J., and BRANSON, HARRISON. and WARREN. JJ.. concur.