## COLE v. KINCH.

No. 18315. Opinion Filed Sept. 11, 1928.

Rehearing Denied Jan. 8, 1929.

See, also, 133 Okla. 255, 272 Pac. 1020.

Wallace & Wallace, for plaintiff in error.

George L. Burke, for defendant in error.

RILEY, J. Mattie M. Kinch, administratrix of the estate of Joseph Kinch, deceased, and Mattie M. Kinch in her own proper person recovered a judgment against W. J. Cole, based upon a promissory note in the sum of $2,500, from which judgment Cole appeals.

Joseph Kinch in his lifetime loaned Cole six United States Liberty Bonds of the par value of $3,000, for the purpose of permitting Cole to pledge them, as security for a promissory note in the sum of $2,500 with E. T. Creegan, guardian of William McKinley Clayton, a minor. Cole executed and delivered a note to said Creegan as such guardian in said amount and pledged therewith said bonds. Kinch died testate, willing all his property to his wife, Mattie M. Kinch, plaintiff, and W. H. Odell succeeded Creegan as guardian of William McKinley Clayton, minor. The Cole note matured without payment, and in order to redeem the bonds pledged, Mrs. Kinch paid the Cole note and secured the pledged bonds; likewise the Cole note was transferred to her by indorsement from Odell, guardian, "without recourse," and plaintiff below commenced this action against Cole and one S. J. Smith, who subsequent to execution and delivery of the note sued upon, as well as the execution of the pledge, had indorsed the note: "Payment guaranteed, S. J. Smith." Judgment was rendered in favor of Smith, from which plaintiff appealed. That matter is considered separately. In the matter at bar, two assignments of error are strenuously urged, to wit:

(1) That the state tax had not been paid on the note, and it was, therefore, not competent evidence of the indebtedness, and that the court erred in permitting its introduction as evidence over objection; and

(2) That the guardian to whom the note was payable assigned it to Mrs. Kinch, who paid the note without authority of the county court, and she, therefore, was not the lawful owner of the note and had no right of action on it.

As to the first ground urged, we find that no specific objection was made to the introduction of the note on the ground of nonpayment of the state tax, and the only objections made were: (1) That the guardian had transferred the note without authority; and (2) that the petition did not state a cause of action.

"Simply objecting to the admissibility of evidence without assigning the statutory grounds named in section 5070, R. L. 1910, or any other ground of objection, is not such objection as will cause this court to review the action of the trial court in overruling the purported objection." Bishop-Babcock-Becker Co. v. Estes Drug Co., 63 Okla. 117, 163 Pac. 276.

The better and safer practice is to point out the species of objection relied upon.

Perhaps the statutory objection mentioned would have been sufficient, i. e., that the evidence offered was "immaterial, irrelevant and incompetent," in the event no further inquiry had been made, but here the defendant particularized and his particularization was not upon the grounds here presented, for counsel said: "I object to the introduction of the note in evidence—the record shows that the plaintiff is not the owner of the note and is not entitled to maintain an action upon same." (C.-M. p. 30.) And in addition thereto, counsel urged the ground that the petition did not state a cause of action, and moved for a directed verdict at the close of plaintiff's evidence. (C.-M. p. 36.) There was no defense set up in the pleadings on the ground that the tax had not been paid.

We hold that defendant's objection to the introduction of the note was not sufficient to raise the question of its competency for the reason of nonpayment of tax as provided by section 9613, C. O. S. 1921. Objections to evidence must be specific. Fender v. Segro, 41 Okla. 318, 137 Pac. 103. Let us turn to cases upon the subject:

Wommer v. Wommer, Adm'x, 91 Okla. 79, 216 Pac. 150, wherein the objection to the introduction of the note in evidence was that the same was "irrelevant, immaterial and incompetent"; that objection was sufficient to raise the question. No such objection was made herein.

Harrell v. Suter, 100 Okla. 56, 227 Pac. 404, is based upon the rule in the Wommer Case, supra, and to be properly based thereon, the objections must have been specific. However, that opinion extends the rule in these words:

"We also think the Act of March 10, 1917, should be applied to the pleadings, and since a copy of the note, as above described, was

made a part of the petition, the demurrer interposed by the defendants should have been sustained, and the court committed error in overruling the demurrer offered (and in allowing the note to be introduced as evidence)."

Such extension of the rule to the pleadings will not be followed, for the reasons herein set out.

Maupin v. Binion, 100 Okla. 32, 227 Pac. 391, cited, does not help defendant, for there the cause was affirmed upon evidence independent of the written guaranty to which objection was made under section 9613, supra.

In Cockrell v. Martin, 124 Okla. 284, 255 Pac. 1105, where specific objections were urged, it was said:

"The court refused to permit the defendant to make inquiry on cross-examination of the plaintiff as to whether she had caused the tax to be paid on said notes as required by the provisions of section 9608, supra."

We adhere to the rule that such action on the part of the court was error. We follow that case to the extent that in view of specific objections being made, the question being so raised, and the fact that the notes showed upon their face that they were incompetent, the court should have excluded the notes as evidence.

We call attention to the case of Jones v. First Nat. Bank of Oktaha, 102 Okla. 185, 228 Pac. 992, where specific objections were made to the introduction of a note on the ground of nonpayment of taxes thereon, whereupon the holder of the note paid the tax to the county treasurer, and the court then permitted the notes to be introduced in evidence, and this court held the notes admissible, although the tax thereon was paid after commencement of the trial. Such being the rule in September, 1924, it follows that the earlier extension of the rule to the pleadings must fail.

"A party cannot try his case in the trial court on one theory, and then ask a reversal of the judgment in this court on a theory not presented to the trial court or raised by the pleadings." Bouton v. Carson, 51 Okla. 579, 152 Pac. 131; Wallace v. Blassingame, 53 Okla. 198, 155 Pac. 1143; Primous v. Wertz, 65 Okla. 7, 162 Pac. 481; Board of Commissioners of Pottawatomie County v. Henderson, 66 Okla. 282, 168 Pac. 1007; Edwards v. Phillips, 70 Okla. 9, 172 Pac. 946.

It would be injustice to permit a litigant to be lulled into a sense of security by a subtle and crafty objection and thereafter destroyed. As in the Maupin Case, supra, even though the objection be specific, the plaintiff may prevail by reason of other evidence than by the note; as in the Jones Case, supra, where specific objections are made, the plaintiff may thereupon pay the tax and proceed to introduce the note.

Considering that the note was not admissible for the reason now cited, i. e., the nonpayment of tax, even so, the plaintiff must prevail on this issue by reason of the pleadings, for the plaintiff alleged defendant's liability on the note, and the defendant's pleadings admitted execution and delivery of the note for a valuable consideration and that it had not been paid. So, then, even though the admission of the note be considered error, it was harmless error, for the situation is comparable to the following hypothetical case:

A gives his note to B in consideration of $500. A defaults on payment. B sues on the note and alleges that A on a certain date, for a valuable consideration, executed and delivered to him his note for $500; that said note is unpaid, for which B prays judgment. To such petition A answers that he executed and delivered the note for consideration and that the same is unpaid. Then B moves for judgment on the pleadings. The note is not in evidence yet it it apparent B has made out a case of liability. But suppose A has not paid the tax on the note. The court could not consider that question on the pleadings, for the statute, section 9613, supra, uses the words:

"No bond or note of over eight months' duration or other choses in action, which has not been registered with the county treasurer of the county in which it is located and the tax paid in accordance with this act, shall be admitted in evidence in any of the courts of the state of Oklahoma; provided, that this act shall not apply to notes secured by real estate mortgages which have been, or hereafter may be registered under the provisions of chapter 246, S. L. 1913, as amended by chapter 105, S. L. 1915."

By the words underscored the inhibition is upon admission of the note in evidence, but since the indebtedness is admitted by the pleadings (to which the inhibition does not extend), the liability of the maker of the note exists irrespective of the fact of the note being in evidence or being at all. Its existence is immaterial.

Next we consider the contention that plaintiff, Mrs. Kinch, was not the lawful owner

of the note, and therefore without right to maintain the action. It is undisputed that no sale of the note in question from the guardian to Mrs. Kinch, either in her own person or as administratrix, was ever authorized or approved by the county court. Appellant relies upon section 1257, C. O. S. 1921, which provides:

"No sale of any property of an estate of a decedent is valid unless made under order of the county court, except as otherwise hereinafter provided. All sales must be reported under oath and confirmed by the county court before the title of the property sold passes."

And section 1258, C. O. S. 1921, regulating petitions for sales; and section 1266, requiring sales of personal property to be at public auction after notice; and section 1478, C. O. S. 1921, making provisions of the law concerning the estates of decedents applicable to the proceedings by guardians for sales of property of their wards.

The appellant's theory is sound as applied to the sale of such a note. Jones v. Wheeler, 23 Okla. 771, 101 Pac. 1112. For where notes were owned by an estate and no authority exists authorizing the sale or transfer of the notes sued on and no title thereto passed to plaintiff, no cause of action is possessed by plaintiff; but the question occurs in the case at bar, Did plaintiff secure the note sued upon by sale?

Mrs. Kinch, having succeeded to the rights of her husband, stood with reference to this note as an obligor; her property (the bonds) was pledged as security for the payment of the note, and her relation to the note was as surety; there was no release for her except upon payment of the note; the principal was in default. Could she secure the note and title thereto by her payment of the same without her acts constituting a sale of the note such as required the approval of the county court under section 1257, supra, before title passed to her?

Her bonds were liable for the note. Had Joseph Kinch signed the note as indorser, upon failure of the principal to pay he would have been liable; being liable, no doubt he would have had the right to pay it and to sue the principal thereon. Under such fact no guardian holding such note would have to get an order of court to allow the surety to pay the note, nor to transfer it upon payment according to its terms. In fact it would in such case be the duty of the guardian to collect the note.

The pledge of one's property, under these facts, is analogous to actual indorsement of a note. The principle is the same, for when one signs a note as surety he contracts to pay on default of the principal. Where one pledges or permits the pledge of his property for the payment of a debt of another, he incumbers his property with a lien for the debt together with actual possession by payee and right thereof until payment of the debt, in the event of which the lien and the payee's right of possession of the pledge is at an end. Here the guardian, upon default of the principal, looked to the "security"; the "surety" paid the debt. No doubt her remedy on the contract, evidenced by the note, was recourse upon the principal. The transfer herein was not a sale as contemplated by the probate statute, supra, governing the sale of minor's property by the guardian. Mrs. Kinch was not a stranger to the note, but a party in interest, liable thereon, and she, having discharged that liability, was entitled to **transfer** of the note, and so far as the minor's rights were concerned under the act of the guardian, there was simply a collection of the note, and the guardian needs no order of court authorizing him to collect debts owing his ward; it is his duty to perform.

Our statute, section 8192, C. O. S. 1921, justifies all that we have said as to the status of the pledge and the rights of the owner of the property pledged.

"Property may be pledged as security for an obligation of another person than the owner, and in so doing the owner has all the rights of a pledgor for himself, except as hereinafter provided."

Consequently, Mrs. Kinch has the same right as the pledgor—the right to pay the debt and redeem the property. 21 R. C. L. 683-684.

Since Mrs. Kinch had the right to pay the debt, the guardian had the right to collect it and to receive payment. That without the necessity of a court order. Having the right to collect the debt, and receiving payment thereof, it was the guardian's duty to deliver and transfer to the payor the evidence of the indebtedness; the note became the property of Mrs. Kinch, and that without a sale as contemplated by the statute, supra. The plaintiff was entitled to maintain the suit. Judgment affirmed.

MASON, V. C. J., and HARRISON, LESTER, HUNT, and REFNER, JJ., concur.