## ALEXANDER et al. v. WRIGHT.

No. 18963. Opinion Filed Feb. 5, 1929.

Geo. E. Rider, Geo. L. Sneed, and A. A. Kelley, for plaintiffs in error.

Don Welch and Ben Hatcher, for defendants in error.

DIFFENDAFFFER, C. This is an action brought by defendant in error, hereinafter designated as plaintiff, against Oakland Lodge No. 74, A. F. & A. M., an unincorporated association, and Tom Alexander, A. A. Kelley, F. Simmons, Geo. L. Sneed, and R. C. Barnette, as trustees of said lodge, and W. I. Dowell, J. L. Hemphill, R. C. Barnette, F. Simmons and A. A. Kelley, as individuals, hereinafter designated as defendants, to recover the sum of $624.37, principal and interest on a promissory note.

The note sued upon is dated January 8, 1924, for the principal sum of $500, payable to the order of John A. Wright, and due January 8, 1926, interest at 8 per cent. per annum, payable semiannually, and provides for an attorney's fee of 10 per cent. of the principal and interest, and $10, and is signed as follows:

"Oakland Lodge No. 74, A. F. & A. M. by W. I. Dowell, W. M., J. L. Hemphill, R. C. Barnette, F. Simmons, A. A. Kelley, Board of Trustees."

The petition, in substance, alleged: That Oakland Lodge No. 74 is an unincorporated, benevolent, charitable, and fraternal association having its place of residence and business at Madill, Okla., and that Tom Alexander, A. A. Kelley, F. Simmons, Geo. L. Sneed, and R. C. Barnette are the trustees and managing officers thereof; that, on January 8, 1924, the defendants W. I. Dowell, J. L. Hemphill, R. C. Barnette, F. Simmons and A. A. Kelley and the defendant Oakland Lodge No 74, A. F. & A. M., by its worshipful master, W. I. Dowell, for a valuable consideration, to wit, the loan of money, executed and delivered the note to plaintiff. Appropriate allegations of ownership, maturity, and nonpayment are made.

The prayer is for judgment against the lodge and against W. I. Dowell, J. L. Hemphill, R. C. Barnette, F. Simmons, and A. A. Kelley, as individuals, and against Tom Alexander, A. A. Kelley, F. Simmons, Geo. L. Sneed and R. C. Barnette, as trustees of the lodge.

The group of defendants constituting the board of trustees of the lodge filed their separate demurrers, setting up the sole ground that the petition did not state facts sufficient to constitute a cause of action against them. The group of defendants sued as individuals filed a like demurrer. The lodge filed a duly verified general denial. The separate demurrers were overruled, and each group of defendants filed separate answers.

The answer of defendants sued as trustees is, in substance, a general denial, except as to such allegations as are specifically admitted. They admit that the lodge is not incorporated; that it is a benevolent, charitable and fraternal association, organized for that purpose, and not for profit; they admit that, at the time of filing the petition, they were the duly elected, qualified and acting trustees of said lodge and constituted the board of trustees thereof; that the lodge is the owner of real estate and personal property in the city of Madill, and that the title thereto under the constitution and by-laws of the lodge is vested in its board of trustees; that the entire proceeds of the note sued upon, if any there were, were applied to the sole use and benefit of the lodge, and that

these defendants derived no benefit whatever therefrom. The answer also contains the following allegations:

"That plaintiff herein is the original payee in said note sued on, and at the time of the execution and delivery of the said note to him. plaintiff had due notice, and understood and agreed, that the said note was to be taken, accepted and held by him as the sole obligation of the defendant, Oakland Lodge No. 74, A. F. & A. M., and was not to be considered or held to be the obligation of the individual members of the then board of trustees who executed said note for and on behalf of said Oakland Lodge No. 74, A. F. & A. M., nor the obligation of their successors in office."

They then allege that Tom Alexander and Geo. L. Sneed were not members of the board of trustees at the time of the execution and delivery of the note, and did not execute or sign the same in any capacity.

The separate answers of defendants sued as individuals contain the same general admissions and allegations with reference to the nature of the organization, its property and purposes, as the answer of the defendants sued as trustees, and specifically allege:

"That at the time of the execution and delivery of the note herein sued on, these answering defendants were the duly elected. qualified, and acting trustees of said Oakland Lodge No. 74, A. F. & A. M., and constituted its said board of trustees; that the said note herein sued on was duly executed and delivered by said Oakland Lodge No. 74. A. F. & A. M.. and in the name of said Oakland Lodge No. 74, A. F. & A. M., by these defendants, as such board of trustees, and not otherwise."

It is then alleged, in substance, that plaintiff was, at all times mentioned, a member in good standing of the lodge and well knew and understood the method and manner in which the lodge transacted its business, and—

"well knew and had due notice, at and before the execution and delivery of the said note herein sued on that the said note was and is the sole obligation of said defendant, Oakland Lodge No. 74, A. F. & A. M., and not the personal obligation of these defendants. or of any or either of them; and plaintiff well knew and had due knowledge and notice, at and before the execution and delivery of the said note, that the same was executed by these defendants, who were then and there the duly qualified and acting trustees of said Oakland Lodge No. 74, A. F. & A. M., in their representative capacity as such board of trustees only, and not as the personal or individual obligation of these defendants, or of any or either of them; and

the said note was taken and accepted by the plaintiff with the express understanding and agreement that it was to be taken, considered and held by the plaintiff as the sole obligation of said defendant, Oakland Lodge No. 74, A. F. & A. M., and not the personal or individual obligation of these defendants, or of any or either of them.

"These defendants for further answer say that, as to these defendants, and each of them, the said note herein sued on is wholly without consideration; that the entire proceeds of the said note were applied to the uses and purposes of the defendant Oakland Lodge No. 74, A. F. & A. M., and these defendants derived no use or benefit whatsoever therefrom, which fact was well known to the plaintiff at the time of the execution and delivery of the said note."

These separate answers were duly verified.

Plaintiff moved that the court require defendants to make their answers more definite and certain by requiring that they set out whether the agreements and understanding as to the liability of defendants, who signed the note referred to in the answers of defendants, were oral or in writing. The motion was sustained, and defendants amended by alleging that the agreements and understanding were oral. Thereafter plaintiff replied by general denial, and then filed a motion for judgment upon the pleadings. This motion was continued by agreement as to the individual liability of defendant A. A. Kelley, and as to that defendant, as to his individual liability, was never passed upon. The motion was overruled as to the lodge, but was sustained as to all other defendants. Judgment was then rendered in favor of plaintiff against Tom Alexander, A. A. Kelley, F. Simmons, Geo. L. Sneed, and R. C. Barnette, as trustees of the lodge. and their successors in office "out of any funds, property and assets held by them in such trustee capacity, * * * for all of which let execution issue."

Personal judgment was also rendered against defendant W. I. Dowell, who signed the note as "W. M.;" and against each defendant, except A. A. Kelley, who signed as a member of the board of trustees. From this judgment, both groups of defendants appeal.

There are four assignments of error. The first two go to the order overruling the demurrer to the petition, and are presented together. The third goes to the order granting judgment on the pleadings against the defendants, as trustees of the lodge, and the fourth goes to the order granting personal judgment on the pleadings against those de-

fendants who signed the note as board of trustees.

It is contended that the court committed reversible error in overruling the demurrers, for the reason that the note shows upon its face to be for a duration of more than eight months and for a sum in excess of $300, and that it was dated subsequent to March 10, 1917, and that the copy thereof attached to the petition failed to show that the same was registered with the county treasurer and the payment of the tax thereon as required by section 9608, C. O. S. 1921. On this proposition defendants cite Harrell v. Suter et al., 100 Okla. 56, 227 Pac. 403. The second paragraph of the syllabus in that case is:

"Where suit is based upon a note, and the petition attaches copy which shows it to be of over eight months' duration for sum of over $300 dated subsequent to March 10, 1917, and same is not registered and indorsed according to section 9608, Comp. Stat. 1921, and the petition shows the same does not belong to a bank or a note secured by real estate mortgage, the petition is subject to demurrer and such note is not competent evidence on trial of the case."

The following language from the body of the opinion is cited and relied upon as being controlling in the instant case:

"We also think the act of March 10, 1917, should be applied to the pleadings, and since a copy of the note, as above described, was made a part of the petition, the demurrer interposed by the defendants should have been sustained, and the court committed error in overruling the demurrer offered and in allowing the note to be introduced as evidence."

Wommer et al. v. Wommer, Adm'x., 91 Okla. 79, 216 Pac. 150, is also cited. Therein it was held:

"Where a suit is based upon a note of over eight months' duration, and there is no proof that the note has been registered and the tax paid according to the provisions of section 6, Laws of 1917, page 486, the same is not competent testimony on the trial of the case."

"Where suit is based on note of over eight months' duration, and there is no proof of same having been registered and the tax paid according to section 6, Laws of 1917, page 486, the same is admitted in evidence as proof of the indebtedness claimed, a demurrer lies to the testimony."

Cockrell v. Martin, 124 Okla. 284, 255 Pac. 1101, is also cited. In that case it was held:

"In considering defendant's demurrer to the plaintiff's evidence, the trial court should disregard exhibits which have been admitted in evidence, although specifically inadmissible under the plain provisions of the statute, and on appeal this court, in reviewing the trial court's ruling thereon, will disregard such inadmissible exhibits."

By the foregoing cases, it seems to be well settled that a note or other chose in action coming within the provision of section 9608, supra, which has not been registered with the county treasurer in the county in which it is located and the tax paid in accordance with section 9608, supra, is not admissible in evidence in any of the courts of the state of Oklahoma. The inhibition imposed is found in section 9613, C. O. S. 1921, which provides:

"No bond or note of over eight months' duration or other choses in action, which has not been registered with the county treasurer of the county in which it is located and the tax paid in accordance with this act, shall be admitted in evidence in any of the courts of the state of Oklahoma; provided, that this act shall not apply to notes secured by real estate mortgages which have been or hereafter may be registered under the provision of chapter 246, Session Laws 1913, as amended by chapter 105, Session Laws 1915 (9585-9596)."

It will be observed that the inhibition goes only to the admissibility of the note in evidence. The law does not provide that no judgment shall be rendered upon such note, where the pleadings are such as to make it unnecessary to introduce the note in evidence. It was never intended by the Legislature that the failure to register such a note and pay the tax thereon should destroy the validity of such note, or release the maker from any obligation to pay the indebtedness evidenced thereby. That this is true is clearly shown in Jones v. First Natl. Bank, 102 Okla. 185, 228 Pac. 992, wherein it was held:

"The competency as evidence of a note on which and by virtue of section 9608, Comp. Stat. 1921, a tax must be paid, is determined by its condition and status at the time it is offered in evidence, and not at the time the suit was filed. Although the tax thereon was not paid, and the note registered by the county treasurer until after the commencement of the trial at which it is offered in evidence, the same will not on said account be rejected as evidence under the provisions of section 9613, Comp. Stat. 1921."

In that case, when specific objection was made to the admission of the note in evidence, the objection was sustained, but plaintiff was allowed to pay the tax together with the penalty provided by section 9612, whereupon the note was again offered and admitted. This was held not to be error. Here the defendants did not point out to

the court in their demurrers the specific objection now relied upon, but depended upon the general objection that the petition did not state facts sufficient to constitute a cause of action. The very question here presented was passed upon directly in Cole v. Kinch, 134 Okla. 262, 272 Pac. 1017. Therein the case of Harrell v. Suter, 100 Okla. 56, 227 Pac 404, is specifically overruled in so far as it extends the rule of evidence under section 9613, supra, to pleadings. The rule announced in Jones v. First Nat. Bank, supra, was approved and reiterated. In the body of the opinion, the court points out that the inhibition is upon the admission of the note in evidence, but since the indebtedness is admitted by the pleadings, to which the inhibition does not extend, the liability of the maker of the note exists so long as that admission stands. Here, by the demurrer, the liability of the maker of the note is admitted. By the general demurrers, defendants seek to raise the question of nonpayment of taxes, and because the petition does not affirmatively show the payment of such taxes, we are asked, not only to reverse the case, but to direct that judgment be entered for defendant. To do so would be to allow defendants, as was suggested in Cole v. Kinch, supra, to lull plaintiff into a sense of security by a subtle and crafty objection, which in no way specifically raised the question really relied upon, and thereafter be destroyed. We have no doubt but that the trial court, in view of the holding of this court in Harrell et al. v. Suter, supra, which had not then in any phase been overruled, would have required plaintiff to register the note and pay the tax had the attention of the court been called specifically to the condition of the note. The defendants probably thought their interests would best be served by reserving the specific question for this court. It is apparent that they had more interest in defeating the note than in seeing that plaintiff was required to pay the taxes thereon. There was no error in overruling the demurrer.

The next contention is that the court erred in rendering judgment on the pleadings against certain of the defendants as trustees of the lodge. As to these defendants, it is urged that the general denial contained in their answer, being verified, is sufficient to put the plaintiff upon his proof, including the payment of tax, etc. This would be true, if defendants' answer had been an unqualified general denial. In such case the verification of the answer would put in issue the execution of the note, and would have required plaintiff to prove same. But here,

the denial is only as to such allegations as are not specifically admitted. The answer goes further and admits the execution of the note, and in effect admits the receipt of the proceeds thereof by the trustees of the lodge for the benefit of the lodge. In these circumstances, we think there was then no issue of fact to be determined. The answer amounted to an admission of liability, so far as the trustees of the lodge were concerned, and the judgment goes against them and their successors in office, as trustees of the lodge, and is to be satisfied only out of funds or property in their hands, as such trustees. In Nix v. Green, 95 Okla. 247, 219 Pac. 380, it was held:

"Although the answer of defendant contained a general denial, this was qualified by other allegations therein contained, which admitted all the essential facts to authorize a judgment in plaintiff's favor, and it was not error to sustain a motion for judgment on the pleadings."

We think the separate answer of these defendants, as trustees of the lodge, admitted all the facts essential to authorize the judgment as rendered against them, and that there was no error in rendering the judgment against them as such trustees.

We think a different situation arises with reference to the defendants against whom a personal judgment was rendered. By section 7690, C. O. S. 1921, it is provided:

"Where the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as an agent, or as filling a representative character, without disclosing his principal, does not exempt him from personal liability."

We think the above section applies as to these defendants. Under the rule announced in Keokuk Falls Imp. Co. et al. v. Kingsland & Douglas Mfg. Co. et al., 5 Okla. 32, 47 Pac. 484, the judgment herein might be upheld. But that case, in so far as it applies to the defense pleaded herein by defendants, as individuals, was expressly overruled in Janes v. Citizens Bank, 9 Okla. 546, 60 Pac. 290. There the defense pleaded by Janes was similar to the defense here pleaded. The note involved there was similar and Janes signed it: "Fred R. Janes, Secretary, the Enid Town Co." Janes pleaded in part:

"The defendant, further answering, says that, at the time of the execution and delivery of said note, the plaintiff fully understood that this defendant signed the same

in the capacity of the secretary of the Enid Town Company, as aforesaid; and that said parties to said note were the said R. W. Patterson and the Enid Town Company, and that said note was accepted by them, with the understanding and belief that the same was properly signed in the manner and form to bind and obligate the Enid Town Company to pay said sum of money to the plaintiff when the same should become due and payable according to the terms of said note, * * * and it was understood and agreed by and between this defendant and the said H. T. Smith, president of the said Citizens Bank of North Enid, that this defendant should sign in the capacity of secretary of the Enid Town Company; that the said note should be the note of the Enid Town Company, and that this defendant should not be held individually thereon."

It was held in that case:

"That parol testimony is admissible to show that the defendant, Fred R. Janes, signed the note in his official capacity as secretary of the Enid Town Company, and that it was understood between the parties at the time that he was to bind the corporation which he represented, and not himself individually."

In the body of the opinion the court said:

"The question for the court to decide is not what the contract was, but whose contract it was. In other words, the sole question for the court to determine is, on whose behalf was the note executed, and who was the real party bound thereby? Under such circumstances, we are clearly of the opinion that parol testimony is competent and admissible to remove what is uncertain and ambiguous, and thus to enable the court to charge, as payor, the person or corporation which it was intended should be bound when the note was executed. We think that this rule is not only in consonance with sound legal principles, but is just and equitable in its scope and operation."

This has been the rule in this state for 28 years, and has not been questioned or criticised, and we think the rule announced therein is in accord with justice. Applying the rule, the defendants sued as individuals pleaded a state of facts which, if true, constitute a defense to the claim against them as individuals, and it was error for the court to render personal judgment against them under the state of the pleadings.

The judgment of the trial court should be affirmed as to the defendants, as trustees, and reversed and remanded as to the personal judgment.

On the 20th day of June, 1927, the defendants, as trustees and individually, executed and filed a supersedeas bond in this cause, signed by W. L. Rabon and C. T. Morris, as sureties. The bond provided for the payment of the amount of said judgment and costs, in case said judgment appealed from should be affirmed in whole or in part. Said bond is incorporated in and made a part of the case-made on appeal. Plaintiffs have filed a motion herein for judgment against said sureties, W. L. Rabon and C. T. Morris, in case the said judgment shall be affirmed in whole or in part. Having recommended that said judgment be affirmed as to defendants Tom Alexander, A. A. Kelley, F. Simmons, Geo. L. Sneed, and R. C. Barnette, as trustees of the Oakland Lodge No. 74, A. F. & A. M., we are of the opinion that motion for judgment against W. L. Rabon and C. T. Morris, sureties on said supersedeas bond, should be sustained, and that judgment should be and hereby is rendered in favor of said John A. Wright against the said W. L. Rabon and C. T. Morris in the sum of $634.37, with interest thereon at the rate of 10 per cent. from the 9th day of August, 1926, until paid, and the further sum of $73.43, attorneys' fee, and all costs in the trial court and in this court.

BENNETT, HERR, HALL, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.

Note.—See "Bills and Notes," 8 C. J. §1371, p. 1060, n. 31; "Taxation," 37 Cyc. p. 1543, n. 56.