## READ et al. v. AUTOMOBILE INVESTMENT CO.

No. 21657.    Dec. 19, 1933.

Rehearing Denied Jan. 23, 1934.

Bryce & Andrews. for plaintiffs in error.

Embry, Johnson, Crowe & Tolbert, for defendant in error.

RILEY, C. J. This is an appeal from a judgment entered against plaintiff in error upon a verdict directed by the court in favor of defendant in error.

The record discloses that plaintiff in error, on and prior to February 15, 1928, was engaged in the business of selling automobiles and motor trucks at Bethany, Okla., under the name of the A. R. Read Chevrolet Company. On that date he sold to John Tackett and Mrs. Jewell Tackett a Chevrolet one-ton truck, taking in part payment thereof a promissory note in the sum of $636.60, payable in 12 monthly installments of $53.05, the first installment coming due March 15, 1928. This note was secured by a chattel mortgage on the truck; said note and chattel mortgage was sold and assigned by Read to defendant in error. Tackett paid some three or four installments, then defaulted and left the county. On February 25, 1929, this action was commenced against John Tackett, Mrs. Jewell Tackett paid some three or four of the installments alleged to be due on said notes in the sum of $366.79, together with $54.90, as attorney's fee, as provided in the note. On March 28th, Read filed his answer, in which he admitted the execution of the note and mortgage and the assignment and transfer thereof as alleged in the petition. He then alleged, in substance, that the note secured by the chattel mortgage was given in part payment for the truck, and that on or about August 6, 1928, after Tackett had made default, the plaintiff entered into an oral agreement with defendants whereby it was agreed that Tackett would deliver the truck and transfer the title thereto to plaintiff; that plaintiff would cancel and surrender said note and that the delivery of said truck and title thereto would be treated as payment in full of the balance due on said note, and that defendants were to be discharged from further liability thereon; pursuant to said agreement said truck was delivered to plaintiff and the title was transferred, but that plaintiff had failed and refused to surrender the note.

On August 26, 1929, plaintiff filed an amended petition wherein one C. M. Moore was made an additional defendant. The amended petition contained two causes of action. The first cause of action was based upon the promissory note above mentioned, and the same judgment was prayed for as in the original petition, and only against the three original defendants. The second cause of action sets out a promissory note alleged to have been executed by C. M. Moore to defendant A. R. Read, on August 26, 1928, in the sum of $405.28, and indorsed to plaintiff. Personal judgment was prayed for against C. M. Moore and A. R. Read for said sum, with attorney's fee as provided in the note. Moore was never served with summons and made no appearance.

On October 7, 1929, defendant Read filed his answer to the amended petition, answering as to the first cause of action substantially the same as in the original petition. As to the second cause of action, he answered, in substance, that immediately after the truck was delivered by Tackett to plaintiff, plaintiff sold it to Moore and took his note therefor; that he, Read, was not a party to that transaction and received no consideration therefor; that he was never informed that the note given by Moore was made to him, Read, as payee, and specifically denied that such was the case; he then alleged if his indorsement was procured by plaintiff, it was done by fraud and without any consideration whatever. The answer also contained a general denial and was duly verified, thus putting in issue indorsement of the note by him.

Defendant Jewell Tackett answered separately and substantially the same as defendant Read as to the first cause of action, and as to the second cause of action, that she did not execute the note and had no knowledge thereof.

A jury was impaneled, and plaintiff, after introducing its evidence as against defendant Read, dismissed as to the defendant Jewell Tackett. Thereupon defendant Read put on his evidence, and, at the close thereof, the court of its own motion instructed a verdict in favor of plaintiff and against defendant Read in the sum of $290, with interest from June 6, 1929, and an attorney's fee in the sum of $25. The journal entry of judgment was, however, that the court "dismiss the cause of action as to John Tackett and Jewell Tackett, defendants, on the ground of no evidence to support judgment against them, and also the first cause of action is dismissed as to defendant A. R. Read—no evidence to support same." Judgment was entered against defendant Read in the second cause of action. Read appeals.

It is first contended that the court erred in directing verdict for plaintiff for the reason that the indorsement of the note sued upon was denied under oath by defendant

Read, and an issue of fact for the jury was thereby raised. It is true that this issue of fact was raised by the pleadings, but there was positive evidence on the part of plaintiff of the execution of the note by Moore and the indorsement thereof by Read. Defendant Read on the witness stand did not deny the genuineness of his signature appearing on the back of the note. The question as to whether or not his name written as the indorsement was his genuine signature was put directly to him three different times. His answer each time was that he could not swear that it was or was not his signature. In view of the evasive answer of Read and the positive testimony of the witness who swore he was present and saw defendant indorse the note by signing his name on the back thereof, there was no question of fact for the jury as to the genuineness of the signature. It is contended that, although his signature may have been genuine, it was procured by fraud or without his actual knowledge that he was indorsing this particular note. It was also contended by defendant Read that he had no part in the sale of the truck by the plaintiff to Moore, that if the note and mortgage given by Moore was made to defendant Read as payee and mortgagee, it was done by Moore and the agent of plaintiff without his, Read's, knowledge, and if he afterwards indorsed the note. he did so unwittingly, thinking he was indorsing a number of notes which he had taken and sold to plaintiff and overlooked at the time of sale indorsing same. On this question the evidence was in conflict to such an extent as to entitle the defendant to have the question submitted to the jury. A witness for plaintiff testified positively that a few days after Moore executed the note and mortgage, which was apparently done in Oklahoma City, the witness took the particular note to defendant Read at his place of business in Bethany, and Read. fully understanding same, though at first refusing to indorse the note, finally did so voluntarily and with apparent full knowledge of the facts. This was positively denied by defendant Read. and in explanation of how his genuine signature might have been obtained as an indorsement of the note, he testified that, sometime after the Moore transaction and late in the evening, a representative of the plaintiff came to his home when he and his wife were preparing to go to a show and presented to him a number of notes which he, Read, had, in the course of his business dealings, taken from other persons and had sold to plaintiff and overlooked indorsing them, and that he indorsed the notes so presented without question and that the note here involved may have been among them. That he had no knowledge whatever that the note in question had ever been presented to him for his indorsement, or that it had ever been taken in his name as payee.

If such artifice or trick was resorted to by plaintiff in order to obtain defendant's indorsement of the Moore note, and defendant Read, in fact, had no interest in or connection with the sale of the truck to Moore, and had no knowledge that the note of Moore had been made payable to him as payee, then he would not be liable to plaintiff on account of the indorsement so procured.

The rule applicable to the power of a court to direct a verdict for one or the other party is:

"The court may direct a verdict for plaintiff or defendant, as the one or the other may be proper, only where the evidence is undisputed or is of such conclusive character that the court in the exercise of a sound judicial discretion would be compelled to set aside a verdict in opposition to it." Moore v. First Nat. Bank, 30 Okla. 623, 121 P. 626; Maryland Cas. Co. v. Ballard, 126 Okla. 270, 259 P. 528.

The evidence as a whole presented the question of fact on this phase of the case which should have been submitted to the jury under proper instructions.

It is also contended that the court erred in admitting the note in question over the objection of defendant, for the reason that the note, or a part thereof, was for a duration of more than eight months, and no showing was made that the tax required by section 9608, C. O. S. 1921 [O. S. 1931, sec. 12363], had been paid, and that section 9613, C. O. S. 1921 [O. S. 1931, sec. 12368], makes such note inadmissible in evidence without a showing that the tax had been paid. This contention is without merit. The objection to the introduction of the note in evidence was specific and went only to the sufficiency of the showing as to the genuineness of the indorsement, and no mention was made of the payment or nonpayment of the tax. Such an objection has been held insufficient. Alexander v. Wright, 135 Okla. 96, 274 P. 480, and cases therein cited.

There being no objections made to the dismissal of the first cause of action, the judgment of the trial court in that respect will be affirmed. The judgment as to the second cause of action is reversed and the cause remanded for a new trial.

SWINDALL, McNEILL, OSBORN, and WELCH, JJ., concur. CULLISON, V. C. J., and ANDREWS, BAYLESS, and BUSBY, JJ., absent.