### GANT v. WOODRUFF.

No. 26150. May 28, 1935.

Dolman, Dyer & Dolman, for plaintiff in error.

Potterf, Gray & Poindexter, for defendant in error.

PER CURIAM. Ida Belle Woodruff, defendant in error, brought this action against Walter H. Gant, plaintiff in error, to recover a money judgment upon the following promissory note:

"Ardmore, Oklahoma March 25, 1929.

"Twelve months after date, for value received, I, we, or either of us jointly or severally waiving grace and protest, promise to pay to the order of Herman C. Woodruff, three thousand and three hundred forty-two and 10/100 dollars with interest from date at the rate of eight per cent. per annum, annually until paid. The interest if not paid annually, to become as principal and bear the same rate of interest and in case this note is placed in the hands of, an attorney for collection I agree to pay 10 per cent. for the collection of same. The sureties, indorsers, guarantors and assignors severally waive presentment for payment, protest and notice of protest thereof for nonpayment of this note, and consent that time of payment may be extended without notice.

"(Signed) Walter H. Gant."

Upon the reverse side appears the following indorsement:

"Sept. 19, 1929. I hereby assign all my interest in this note this day to Ida Belle Woodruff or order signed by me.

"(Signed) Herman C. Woodruff."

In her petition plaintiff alleged the execution of the note, attached a copy thereof as an exhibit, alleged that she purchased the same prior to its maturity for a valuable consideration in due course of business, and that she was the owner and holder thereof, and that the note was wholly unpaid.

Defendant, by unverified answer, pleaded a general denial, and further set out that he had tendered payment on April 14 1930, to Herman C. Woodruff, who then and there admitted he was the owner of the note, but that said Herman C. Woodruff was unable to find the note for surrender; that therefore no interest was properly chargeable after the date of such tender, nor were attorney fees properly allowable. He prayed to be relieved from such interest and attorney fees, and for such further relief as he might be entitled to. Plaintiff's reply was a general denial coupled with a specific denial of tender, and she reaffirmed that she was an innocent purchaser, for value, without notice.

The parties were present by their respective attorneys at the trial. Plaintiff introduced the note with its written dated assignment thereon without objection from opposing counsel, and rested. Defendant interposed no demurrer to the plaintiff's evidence, nor did he offer any evidence. The trial court thereupon rendered judgment for plaintiff in the full amount of the note, principal, interest, attorneys' fees and costs; to which judgment defendant duly excepted. Thereafter motion for new trial was filed, overruled, exceptions saved, and the cause comes to this court by petition in error with case-made attached.

The only question presented by this appeal, as so stated by plaintiff in error, is:

"That the note introduced in evidence does not contain any indorsement that the tax had been paid on the note as required by the provisions of section 12363, O. S. 1931, and no proof was offered that this tax had been paid, and that therefore the introduction of the note in evidence and the rendition of judgment was error."

Under the facts of this case hereinabove stated this court has heretofore decided adversely to plaintiff in error's contention. Said section of our statute does provide for a property tax on notes of more than eight months' duration, and section 12368, O. S. 1931 provides that a note on which such tax has not been paid is inadmissible in evidence. But if, in the absence of any objection to its introduction, upon that specific ground, the court permits the note to be introduced in evidence, and, in the absence of a demurrer to the evidence, the court renders judgment thereon, complaint thereof will not be heard upon appeal, and the judgment will not be reversed on that account. Such was the holding of this court in Read et al. v. Automobile Investment Co., 167 Okla. 184, 29 P. (2d) 62, citing Alexander v. Wright, 135 Okla. 96, 274 P. 480, and cases therein cited. The same principle is sustained, with previous cases discussed and distinguished, in Cole v. Kinch, 134 Okla. 262, 272 P. 1017.

In the case of Read v. Automobile Investment Co., supra, the action was upon a promissory note whereon the tax had not been paid. Objection was made to the offer of the note in evidence, but went only to the sufficiency of the showing as to the genuineness of the indorsement, with no mention of the nonpayment of the tax. The court held that not only must there be timely objection to admission of the note in evidence, but that such objection must include the ground provided by the statute above referred to. No objection having been made to the introduction of the note

herein, and no demurrer having been interposed to the plaintiff's case in the trial court, the rule laid down in the previous cases applies here, a fortiori.

The judgment of the trial court is accordingly affirmed.

The Supreme Court acknowledges the aid of Attorneys R. A. Hockensmith, E. J. Gilder and J. P. Hannigan in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Hockensmith and approved by Mr. Gilder and Mr. Hannigan, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BUSBY, WELCH, PHELPS, and CORN, JJ., concur.