## ZUSMAN v. FIRST STATE BANK OF LOVELL et al.

No. 25771.   Dec. 8, 1936.

Fred W. Green, for plaintiff in error.

John Adams and Harry F. Blake, for defendants in error.

PER CURIAM. The defendant in error, First State Bank of Lovell, as plaintiff, commenced this action in the justice of the peace court in the city of Guthrie, Logan county, Okla., against the plaintiff in error, Stephen Zusman, and the defendant in error C. C. Ahsmuhs, as defendants; the parties will be referred to as they appeared in the courts below.

The case was tried in the justice court, which resulted in a judgment in favor of the plaintiff and against both of the defendants, and· was appealed ·by defendant Zus-man to the district court of Logan county, Okla., and was there tried to a jury, and at the close of all the evidence the court directed the jury to find and return a verdict in favor of the plaintiff in the sum of $185.-45 against each of the defendants, and a verdict in favor of the defendant Ahsmuhs on his cross-petition against his codefendant, Zusman, in the sum of $185.45, or so much thereof as the cross-petitioner shall pay upon the judgment against him in favor of the plaintiff bank.

It appears that this suit was commenced to recover upon a promissory note made and executed by the defendant Stephen Zusman to the defendant C. C. Ahsmuhs, and that subsequent to the execution and delivery of said note, same was indorsed by the defendant Ahsmuhs, and sold and discounted to the plaintiff bank, and that at the time of the commencement of this action, the plaintiff bank was the holder and owner of said note in due course; that at the time the suit was filed, the amount due thereon exceeded the jurisdiction of the justice court, but that plaintiff remitted all of the principal, interest, and attorney's fees in excess of $200. The note was dated at Marshall, Okla., May 6, 1931, and was payable in two installments, $121.04 due September 6, 1931, and $121.04 due January 6, 1932,. the last installment or payment being due exactly eight months subsequent to the date of the note, that certain payments were made on the note, and at the close of the evidence, the court instructed the jury to return a· verdict in favor of the plaintiff in the sum of $185.45 as above stated. The pleadings and evidence in the case disclose that this note was executed by the defendant Zusman, for a part of the purchase price of a Ford automobile sold him by the defendant Ahsmuhs. It also appears from the record that the defendant Zusman, at the time he signed and executed the note, executed a chattel mortgage on said Ford automobile to the defendant Ahsmuhs to secure the payment of the note. The plaintiff filed its suit on the note, apparently waiving the chattel mortgage given to secure it, and sued only for a money judgment against the defendant. It appears, however, that, in the meantime, the defendant Ahsmuhs had repossessed himself of the automobile under and by virtue of the chattel mortgage and had sold the same for $25 and after the suit was filed paid the $25 to the plaintiff bank, through its attorney, which was credited on the note.

The defendant Zusman contends that the court erred in instructing the jury to return

a verdict in favor of the plaintiff and against him. The defendant Ahsmuhs makes no complaint because of the instructed verdict.

The evidence in the case clearly discloses that the plaintiff bank was the owner and holder in due course of the note involved, at the time it filed this suit; that it purchased it from the defendant Ahsmuhs before maturity, and that the credits thereon were correct. The defendant Ahsmuhs corroborates these facts. The defendant Zusman admits the execution of the note, and admits that the credits given him by the plaintiff bank were correct, and that such credits were the full amount that he had paid on the note. So far as the note is concerned, and the amount due thereon, there was no dispute between the parties, and all the evidence on the part of the plaintiff and both the defendants conclusively shows that all the transactions with reference to the execution and delivery of the note by the defendant Zusman, and the sale and transfer thereof to the plaintiff bank, were in all things valid and regular, and we think the trial court was correct in instructing the jury to return a verdict in favor of the plaintiff in this case. In the case of Read v. Automobile Investment Co., 167 Okla. 184, 29 P. (2d) 62, the first syllabus is as follows:

"The court may direct a verdict for plaintiff or defendant, as the one or the other may be proper, only where the evidence is undisputed, or is of such conclusive character that the court in exercise of a sound judicial discretion would be compelled to set aside a verdict in opposition to it."

The evidence in this case is undisputed and is of such a conclusive character that the court in the exercise of a sound judicial discretion would be compelled to set aside a verdict in opposition to it.

The defendant Zusman also complains of error in admitting the note involved in evidence. We think there is no merit in this contention. The note was offered and introduced in evidence by the plaintiff, and the record discloses that both of the defendants affirmatively stated they had no objections thereto. The defendant Zusman complains of the admission of the note in evidence, because it was not affirmatively shown that the tax was paid thereon as required by section 12363, O. S. 1931, and that because thereof said note was not admissible in evidence under the provisions of section 12368, O. S. 1931. Section 12363, supra, provides for the payment of a tax to the county treasurer of the county in which the owner of such note resides, of any duration over eight months, but does not provide

for the payment of such tax unless the note is for a duration of over eight months. The note involved here was dated May 6, 1931, and the last installment due January 6, 1932, exactly eight months from the date thereof. Counsel for the defendant, in support of this contention, cite the case of Todd v. Webb, 134 Okla. 107, 272 P. 380. This case is not decisive of the question here, for in that case the note was of a duration of more than eight months. Furthermore, in that case the grounds of recovery were denied under oath by the defendant. There is no such denial here, and in fact there is no pleading filed in this case on behalf of the defendant Zusman at all. We held in Read v. Automobile Investment Co., supra, that where a note was introduced in evidence without showing the tax paid, and no objections were made thereto on this specific ground, an assignment of error was insufficient to raise the question of nonpayment of such tax. The second syllabus reads as follows:

"Objecting to the admissibility of a note in evidence without assignment of the statutory grounds provided by section 609, C. O. S. 1921, but with assignment of specific grounds other than that the tax required by section 9608, C. O. S. 1921, was not shown to have been paid, and without mention of the nonpayment of such tax, is insufficient to raise the question of nonpayment of such tax. Cole v. Kinch, 134 Okla. 262, 262 P. 1017.

And in the opinion, Mr. Chief Justice Riley, in discussing that question, states:

"It is also contended that the court erred in admitting the note in question over the objection of defendant, for the reason that the note, or a part thereof, was for a duration of more than eight months, and no showing was made that the tax required by section 9608, C. O. S. 1921, had been paid, and that section 9613, C. O. S. 1921, makes such note inadmissible in evidence without a showing that the tax had been paid. This contention is without merit. The objection to the introduction of the note in evidence was specific and went only to the sufficiency of the showing as to the genuineness of the indorsement, and no mention was made of the payment or nonpayment of the tax. Such an objection has been held insufficient. Alexander v. Wright, 135 Okla. 96, 274 P. 480, and cases therein cited."

Furthermore, if the note had run for a period of over eight months before it was due, it would not be subject to the registration tax required by the statute because it was held by the plaintiff bank, in due course, and was not subject to the tax provisions thereof. In the case of Federal National

Bank v. Miller, 128 Okla. 82, 261 P. 206, we held:

"The word 'held,' as contained in the exempting clause of section 9608, C. O. S. 1921 (12363, O. S. 1931), is construed to mean absolute ownership in the bank holding the character of paper as defined in said section, and the exemption applies to such paper, without reference to whether the paper was originally executed in favor of the holding bank or acquired by purchase."

Neither defendant in the court below made any objections to the admission of the note in evidence or took any exception to i's being admitted.

The defendant Zusman also complains in his brief of error in connection with the nonusury affidavit made by Mr. John Adams, attorney for and on behalf of the plaintiff bank. Under the pleadings and all the evidence in this case, the nonusury affidavit was unnecessary. Section 9522, O. S. 1931, provides for such affidavit in suits involving $300 or less for the loan of money. The pleadings and evidence in this case clearly es'ablish the fact that the instant note was given for the purchase price of an automobile and not for the loan of money. In C'app v. Smith, 91 Okla. 84, 216 P. 120, the second syllabus states the law as follows:

"Where a merchant sells an article of merchandise to a purchaser on credit, taking the purchaser's note therefor, the merchant is not a lender, or the purchaser a borrower, of money within the meaning of article 6, c. 32, Comp. St. 1921 (sections 5092-5106, sections 9513 to 9527, O. S. 1931), and in a suit by the merchant on the note the provisions of section 5101 (9522, O. S. 1931) of said article 6 do not apply.

In the case of Pierce v. C. I. T. Corporation, 170 Okla. 633, 41 P. (2d) 480, paragraph 1 of the syllabus states:

"Usury does not attach to the sale of an automobile for a time or credit price which exceeds the cash price of the same automobile. The usury statutes of this state do not apply to sales, but only to loans of money."

See, also, First State Bank of Pond Creek v. Bank of Jefferson, 112 Okla. 177, 240 P. 311, and Simmons v. McLennan, 101 Okla. 98, 223 P. 677.

The defendant Zusman also complains of error in overruling his supplemental motion for new trial on grounds of newly discovered evidence. This supplemental motion is not verified as required by our statutes, and the fact that several affidavits of witnesses are attached to the motion as exhibits is not sufficient. This court has repeatedly held that such motion must be verified. We so held in the recent case of Stafford v. McDougal, 171 Okla. 106, 42 P. (2d) 520. See, also, Dodson & Williams v. Parsons, 62 Okla. 298, 162 P. 1090, where the rule is thus stated:

"Under section 5036, Rev. Laws of 1910, the motion for new trial on the ground of newly discovered evidence must be verified by affidavit showing the truth of the same. In this case such motion is not verified. It is true that the affidavit of W. W. Housewright as to what his testimony would be is attached to the motion, but the motion itself in which the defendants set out their c'aim of reasonable diligence is not verified. It is necessary that the motion itself should be verified."

The same rule is stated in Bryan v. Ramsey, 115 Okla. 133, 242 P. 222. See, also, Wachtstetter v. Challinor, 114 Okla. 119, 244 P. 194; Bellis v. Radabaugh, 134 Okla. 9, 272 P. 423; Howard v. Owens, 142 Okla. 82, 285 P. 5; and Frank v. Harjo, 142 Okla. 157, 286 P. 14.

Under these authori'ies, the supplemental motion for new trial was clearly insufficient, and there was no error in overruling the same.

It is also contended that the alleged foreclosure of chattel mortgage on the automobile was invalid because notice of the sale thereof was not posted or given as provided by the statutes. The record discloses that the notice of sale was dated October 10, 1932, and gave notice that the sale would be on October 20, 1932. Section 11274, O. S. 1931, provides:

"Such notice shall be posted in five places in the county where the property is to be sold at least ten days before the time therein specified for such sale."

The record discloses that five notices were posted of the sale of this automobile on the 10th day of October, 1932, and the sale held October 20, 1932, and the only evidence in the record discloses that this notice was posted at five different places in the county where the sale was to be held.

Section 22, O. S. 1931, provides:

"The time within which an act is to be done shall be computed by excluding the first day and including the last; if the last day be Sunday, it shall be excluded."

In the case of Baker v. Hammett, 23 Okla. 480, 100 P. 1114, the following rule is announced:

"Except where a different intention is manifest, the general rule is that, in computing time from after a certain day or

date, the first day is to be excluded and the last included to complete the period."

In Wedgewood v. Boyd, 174 Okla. 531, 51 P. (2d) 299, we held publication of sheriff's sale which started July 16, 1931, and ended August 15, 1931, sufficient. See Lanham, Adm'r, v. J. F. McKeel, 244 U. S. 583, 61 L. Ed. 1331, wherein the Supreme Court of the United States approved the rule as declared by this court.

Counsel for defendant Zusman cite the case of Moorehead v. Daniels, 57 Okla. 298, 153 P. 623, wherein it is held that where there in conflicting evidence as to whether proper notice was given and whether or not the sale held at advertised place, is a question of fact for the jury. This case has no application to the case at bar for the reason there is no word of evidence in the record that is conflicting in reference to the giving of the sale notice or in reference to the place of sale. The notice having been given on the 10th and the sale held on the 20th, giving effect to our statutes of excluding the first day and including the last, the notice was for ten days and was sufficient. However, this issue was not in the trial of this case and is only raised by the supplemental motion for a new trial, which was insufficient for the reasons stated.

**Finding no error in the record, the judgment of the trial court is affirmed.**

The Supreme Court acknowledges the aid of Attorneys John M. Goldesberry, Travis I. Milsten, and I. L. Lockewitz in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Goldesberry and approved by Mr. Milsten and Mr. Lockewitz, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.