Georgennia AUSTIN, Appellee,

v.

Morris S. CURRY, M.D., and Obstetrics
and Gynecology, Inc., Appellants.

No. 55277.

Supreme Court of Oklahoma.

April 13, 1982.

Rehearing Denied Oct. 26, 1982.

John Wiggins, Oklahoma City, for appellants.

Rex D. Brooks, Oklahoma City, for appellee.

HARGRAVE, Justice.

The question presented by this appeal is whether the trial court may entertain a petition for new trial predicated on subparagraph 9 of 12 O.S.1971, § 651, impossibility of preparing record on appeal, when the petition is filed more than one year after final judgment in the trial court, but within one year from failure of the appeal for which the record is sought. For the reasons stated below, this question is answered in the negative.

This is the second appeal arising from a single cause of action. In the court below, a three-day jury trial ended with a defense verdict on September 14, 1977. Appellee's motion for new trial was overruled on October 7, 1977, and a timely appeal was perfected to this Court. In April of 1980, nearly two and one-half years later, and after eleven motions for extension of time for completion of record, that appeal was dismissed for failure to secure completion of record on appeal. Some eight months prior

to that dismissal, appellee had filed a petition for new trial in the trial court, relying on 12 O.S. 1971, § 651(9). Observing that the petition for new trial was filed more than one year from the final judgment in the case, contrary to 12 O.S.1971 § 655, appellants objected to the trial court. However, shortly after the first appeal was dismissed, the trial court granted appellee a new trial on account of the impossibility of preparation of record on appeal, from which order this appeal arises.

A brief examination of 12 O.S.1971, § 655, yields the answer to the issue here presented. That statute provides in pertinent part:

"... where the impossibility of preparing a record for an appeal arose more than ten days after the judgment was rendered, the application [for new trial] may be made by petition filed in the original case, as in other cases, within thirty days after such discovery or occurrence; ... but no such petition shall be filed more than one year after the final judgment was rendered."

Here, without regard as to when appellee discovered, or should have discovered the impossibility of preparing the record for appeal, the petition for new trial was not filed until some twenty-two months had elapsed from the final judgment, and would thus seem to be clearly out of time.

Appellee argues that when used in reference to a petition for new trial on grounds of impossibility of preparing record on appeal, the words "final judgment", pertain to the instant in time when mandate from this Court dismissing the appeal for lack of record is in the court below, for only then does judgment become final. However, this contention is without foundation in the law.

■ "Final judgment", as that term is used in 12 O.S.1971 § 655, refers to the judgment of the trial court from which the appeal is taken. *Gibson v. City of Chickasha*, 171 Okl. 284, 43 P.2d 95 (1935). An order granting a new trial on the grounds of impossibility of preparing record on appeal, pursuant to a petition filed in the trial court more than one year after final judgment, is void on its face for want of jurisdiction. *Anderson v. Lynch*, 94 Okl. 137, 221 P. 415 (1923).

■ The final judgment from which the initial appeal in this case was taken is the order of the trial court dated October 7, 1977, overruling appellee's motion for new trial. Appellee's petition for new trial on the grounds of impossibility of preparing record on appeal, filed August 3, 1979, was therefore untimely, resulting in lack of jurisdiction in the trial court. Accordingly, the order of the trial court granting the petition for new trial must be REVERSED.

IRWIN, C. J., BARNES, V. C. J., and HODGES, DOOLIN, OPALA and WILSON, JJ., concur.

LAVENDER and SIMMS, JJ., dissent.