McDONALD'S and National Union Fire of Pittsburgh, Petitioners,

v.

Arlene T. GROVES and Workers' Compensation Court, Respondents.

No. 56919.

Supreme Court of Oklahoma.

Oct. 5, 1982.

Whitten, Osmond, Goree & Davies by Edward E. Davies, Jr., Tulsa, for petitioners.

Jan Eric Cartwright, Atty. Gen. of the State of Okl., Oklahoma City, Frasier, Frasier & Gullekson by John W. Flippo, Tulsa, for respondents.

HARGRAVE, Justice.

This is an appeal from an order of the Workers' Compensation Court en banc affirming the award of attorney fee as a result of a Form 19 hearing. In the course of briefing, both parties concede this is the sole point questioned in this proceeding and the issue will be addressed accordingly.

Claimant Arlene T. Groves filed a Form 3 alleging compensable injury to her back and right shoulder during covered employment. The employer, McDonald's, and its insurance carrier, National Union Fire of Pittsburgh, answered, admitting a compensable injury and denying permanent injury. The cause was tried and subsequent order was entered March 23, 1981 finding no permanent partial disability to the shoulder but 5% to the back. Accordingly, claimant was awarded $1,750.00, of which $350.00 was ordered as attorney fee. The Form 19 matter of medical expenses was heard at the same time as the disability hearing. The order finding disability and awarding compensation is dated March 23, 1981, and filed the following day, March 24. The order determining reasonable medical expense recites a decisional date of March 24, is filed the same day, and additionally allows

$400.00 attorney fee for that portion of the hearing.[1]

The employer and insurer appealed to the Workers' Compensation Court en banc and the sole issue there raised was the propriety of the award of an attorney fee for the work done on the Form 19 part of the proceeding. The Court en banc affirmed that award.

Respondents McDonald's and National Union Fire argue in their first proposition of error that the combined effect of 85 O.S.1981 § 14[2] and § 30 allows the Workers' Compensation Court to refuse to assess the total cost of proceedings (here that portion of the proceeding relating to the medical bills) against the party found to be unreasonable either in making a claim or resisting payment of a claim. The statutory necessity for submitting medical bills for a determination of reasonableness is demonstrated by the use of the phrase "Whoever renders [treatment] shall submit the reasonableness of charges to the Court for its approval." "Shall" is generally indicative of a legislatively mandated imperative. *T.I.B. Corp. v. Edmondson,* 630 P.2d 1296 (Okl.1981), *Sneed v. Sneed,* 585 P.2d 1363 (Okl.1978). The statute thus contemplates all medical expenses will be submitted for review, unless as provided in a further portion of the same statute, there exists a contract between the health care provider and the employer or his insurer.

Against this statutory back drop we now examine the provisions of 85 O.S.1981 § 30, as pertinent:

"If the Court before which any proceeding for compensation or concerning an award of compensation have been brought, under the Workers Compensa-tion Act, determines that such proceedings have not been brought on a reasonable ground, or that denial of benefits has not been based on a reasonable ground, the Court shall assess the total cost of the proceedings on the party who has brought them, or the party who has unreasonably denied payment of benefits. Claims for services or treatment rendered shall not be enforceable unless approved by the Court. . . ."

Initially it is noted that this statute also contains language requiring mandatory submission of medical expenses before they may be enforceable claims. Secondly, the statute allows taxation of the total cost of a proceeding "*If* the Court . . . *determines* . . ." one party or the other has acted unreasonably. When assessing costs under this provision the Court "shall assess the *total* cost of the proceedings." For this provision to be operative the Court must make a determination and so find in its order. That finding frees the Court from the limitations relative to maximum costs awardable as an attorney fee. An assessment of the total cost is thus not authorized in the absence of the finding of unreasonableness required by the statute. The record now before this Court contains no finding that the claim was resisted in the absence of a reasonable ground. In the absence of such a finding, made a condition precedent to such an assessment, we must conclude that an award of attorneys fees under 85 O.S.1981 § 30 is not properly assessable.

Inasmuch as § 14 requires (unless waived by payment) submission of reasonableness of medical expenses for determination by the Court, as well as § 30, it is apparent

---

**1.** This order stands as corrected by nunc pro tunc order declaring the judgment of $4,000.00 attorney fee to be in error in reducing the actual judgment to writing.

**2.** 85 O.S.1981 § 14 states in part:
"... *Whoever* renders medical, surgical or other attendance or treatment, nurse, and hospital service, medicine, crutches and apparatus, or emergency treatment, shall submit the reasonableness of the charges to the Court for its approval and such charges shall be limited to such charges as prevail in the same community for similar treatment of like injured person, and when approved shall be enforceable by the Court in the same manner as provided in the Workers' Compensation Act for the enforcement of compensation payments. ... The Court, *at the time it renders judgment for workers' compensation,* shall enter a judgment for the payment of medical, surgical or other physicians' attendance or treatment, supplies, medicines, and apparatus. (Emphasis added.)

that the employer or his insurance carrier as well as the injured worker should not be assessed the penalty of payment of the total cost of the proceeding unless the claim or denial thereof is outside the bounds of credibility. The two sections contemplate medical expenses will be submitted for approval of reasonableness and an adjustment of the enforceable amount of a medical claim upon presentation to the Court is not indicative of the unreasonableness necessary to assess costs here particularly where the reasonable expense was determined to be $1,864.00 out of a total of $3,229.00 sought.

We determine that the cost assessment penalty of § 30, in the context of a § 14 hearing to determine reasonableness of health care costs, is restricted to instances in which the claim itself is unfounded and not simply where the amount of reasonable cost has been placed at issue, for the statutes (§§ 14 and 30) provide the issue of reasonable cost *shall* be submitted.

Accordingly, the order of the Workers' Compensation Court sitting en banc affirming the order of the trial tribunal dated March 24 is reversed only insofar as paragraph four (4) orders respondent to pay an attorney fee for presentation of the Form 19 hearing in the amount of $400.00. Said order is in other respects affirmed.

REVERSED IN PART; AFFIRMED IN PART.

All Justices concur except OPALA, J., who concurs in judgment.