**Harry HEIRSHBERG, Appellee,**

v.

**Ben M. SLATER, Lila Jo Slater, Mary Lee Hughes, Ron Kleins and Kay Kleins, Appellants.**

No. 73060.

Supreme Court of Oklahoma.

June 23, 1992.

Val R. Miller, Oklahoma City, for appellee.

Jack T. Crabtree, Robert S. Meier, Michael S. Kiefner, Oklahoma City, for appellants.

KAUGER, Justice.

Four issues are presented by the petition for certiorari: 1) whether, pursuant to 12 O.S.1981 § 655,[1] notice must be given by the service and return of summons on the party; 2) whether, under Rule 1.11, 12

---

1. Title 12 O.S.1981 § 655 provides:

"Where the grounds for a new trial could not with reasonable diligence have been discovered before but are discovered more than ten (10) days after the verdict or decision was rendered or made or report of the referee approved, or where the impossibility of preparing a record for an appeal, without fault of the complaining party, arose more than ten (10) days after the judgment was rendered, the application may be made by petition filed in the original case, as in other cases, within thirty (30) days after such discovery or occurrence; on which a summons shall issue, be returnable and served, or publication made, as in the beginning of civil actions, or such service may be made on the attorney of record in the original case. The facts stated in the petition shall be considered as denied without answer, and the case shall be heard and summarily decided after the expiration of twenty (20) days from such service and not more than sixty (60) days after such service, and the witnesses shall be examined in open court, or their depositions taken as in other cases; but no such petition shall be filed more than one (1) year after the final judgment was rendered."

Although § 655 was amended effective January 1, 1991, its provisions remain substantially identical to the 1981 statute.

O.S.Supp.1986, Ch. 15, App. 2,[2] an appellant may affect a timely appeal by filing a petition in error within thirty days after the trial court resolves a reserved attorney fee issue; 3) whether petitions for new trial filed pursuant to 12 O.S.1981 § 655 need be accompanied by an affidavit or contain specific allegations of due diligence; and 4) whether, pursuant to 12 O.S.1981 § 655, a party filing a petition for new trial on grounds of newly discovered evidence is entitled to a hearing prior to dismissal of the petition. We find that: 1) pursuant to 12 O.S.1981 § 655,[3] service may be accomplished by the service and return of summons on the party or by notice to the attorney of record in the original cause;[4] 2) under Rule 1.11, 12 O.S.Supp.1986, Ch. 15, App. 2, an appellant may affect a timely appeal by filing a petition in error within thirty days of the trial court's denial of a motion for new trial on the merits of a judgment, or he/she may wait until after the trial court resolves a reserved attorney fee issue;[5] 3) petitions for new trial filed pursuant to 12 O.S.1981 § 655 need not be accompanied by an affidavit or contain specific allegations of due diligence; and 4) pursuant to 12 O.S.1981 § 655, a party filing a petition for new trial on grounds of newly discovered evidence is entitled to a hearing prior to dismissal of the petition.

## FACTS

On November 10, 1986, the jury returned a verdict in favor of the appellee, Harry Heirshberg (Heirshberg/lessee). Heirshberg also prevailed on a counterclaim against the appellant, Ben M. Slater (Slater/land owner). Slater filed a motion for new trial on November 13, 1986. Heirshberg filed an application for $15,450.00 in attorney fees on December 2, 1986. Reserving the attorney fee issue, the trial court denied Slater's motion for new trial by letter dated September 9, 1987. Slater did not appeal the denial of a new trial.

The trial court awarded Heirshberg $12,-118.75 in attorneys fees on December 3, 1987. On December 2, 1988, Slater filed a petition for new trial on the basis of newly discovered evidence. Heirshberg filed a motion to dismiss the petition for new trial on January 23, 1989. Heirshberg asserted that the trial court lacked authority to grant the petition because of lack of service and because the petition was insufficient to support the award of a new trial.[6]

---

2. Rule 1.11, 12 O.S.Supp.1986, Ch. 15, App. 2 provides in pertinent part:

   "... (d) Appeal after Allowance of Attorney Fees
   ... (2) Where the trial court reserves ruling on the attorneys fee issue a party aggrieved by the trial court's decision on other questions may obtain review of such other questions by filing timely petition in error after the trial court's ruling on the attorneys fee issue...."
   See discussion, note 5, infra, on the effect of the amendment of Rule 1.11.

3. Title 12 O.S.1981 § 655, see note 1, supra.

4. *Richardson v. Davis,* 439 P.2d 949, 951 (Okla.1968); 12 O.S.1981 § 655, see note 1, supra; E. Morgan, "Delayed Attacks on Final Judgments—Part II," 33 Okla.L.R. 738, 762 (1980). Heirshberg's attorney received notice of the petition and filed a motion to dismiss the petition on January 23, 1989.

5. *Timmons Oil Co. v. Norman,* 794 P.2d 400–01 (Okla.1990); C. Percival, "Procedure: Effect of Attorney Fees on Finality of Judgment—Amendment to Rule 1.11(c)," 40 Okla.L.R. 145, 148 (1987). Rule 1.11, 12 O.S.Supp.1986, Ch. 15, App. 2, see note 2, supra.

We express no opinion on the effect of Rule 1.12(c), 12 O.S.1991, Ch. 15, App. 2, on the holding of *Timmons.*
Rule 1.12, 12 O.S.1991, Ch. 15, App. 2 provides in pertinent part:
   "... (c) Effect of Motion for New Trial and Other Post–Judgment Motions on Appeal Time. A post-judgment motion which seeks only a determination or award of costs, attorney's fees or interest, no matter when filed, shall not delay or extend the running of time to appeal the judgment. 12 O.S.Supp.1990 §§ 1001, 1004...."
We note that the two statutes referenced in Rule 1.12 have been repealed. 1991 Okla.Sess.Laws, Ch. 251, § 17, Section 22. See, C. Adams & M. Medina, "Recent Developments in Oklahoma Civil Appellate Procedure," 26 Tul.L.R. 489, 502 (1991).

6. Heirshberg's arguments include assertions that: 1) the petition should have had an affidavit attached; 2) the petition should have named the witnesses who would be called at a hearing; and 3) the petition should have contained specific facts supporting the exercise of due diligence in attempting to uncover the evidence to be presented at a new trial.

On March 21, 1989, the trial court sustained the motion to dismiss finding that the time for appeal ran from its order dismissing the first motion for new trial rather than from the date it ruled on the attorney fee issue.[7] The Court of Appeals reversed finding that the date of the trial court's decision on the attorney fee issue governed the time for appeal and that a petition for new trial filed pursuant to 12 O.S.1981 § 655 did not require verification or supporting affidavits. We granted certiorari on November 5, 1991.

## I.

PURSUANT TO 12 O.S.1981 § 655, SERVICE MAY BE ACCOMPLISHED BY THE SERVICE AND RETURN OF SUMMONS ON THE PARTY OR BY NOTICE TO THE ATTORNEY OF RECORD IN THE ORIGINAL CAUSE.

■ Heirshberg argues that to accomplish service, Slater was required to have him personally served with summons. Slater insists that service may be accomplished pursuant to 12 O.S.1981 § 655 by notice to the attorney of record in the original cause. We agree.

■ Title 12 O.S.1981 § 655 provides that notice may be accomplished by a service of summons on the party *or by serving the attorney of record in the original case.*[8] In *Richardson v. Davis,* 439 P.2d 949, 951 (Okla.1968), this Court considered the necessity of notice when a petition for new trial is filed. The Court found that a petition for new trial filed pursuant to 12 O.S.1961 § 655[9] required a petition and issuance, service and return of summons, *or* constructive notice by substitute service or process, *or* notice to the attorney of record for the defendant in the original action. The language of the 1961 statute referring to notice is identical to that used in 12 O.S.1981 § 655. Here, no summons was issued to the party;[10] but the attorney of record was mailed a copy of the petition for new trial, and he responded with a motion to dismiss. Notice was sufficient.

## II.

UNDER RULE 1.11, 12 O.S.SUPP.1986, CH. 15, APP. 2, AN APPELLANT MAY AFFECT A TIMELY APPEAL BY FILING A PETITION IN ERROR WITHIN THIRTY DAYS OF THE TRIAL COURT'S DENIAL OF A MOTION FOR NEW TRIAL ON THE MERITS OF A JUDGMENT, OR HE/SHE MAY WAIT UNTIL AFTER THE COURT RESOLVES THE ATTORNEY FEE ISSUE.

Heirshberg insists that Slater's motion for new trial based on newly discovered evidence was untimely because it was filed more than a year after the trial court's judgment on the substantive issues. Slater

7. *Timmons Oil Co. v. Norman,* see note 5, supra, and accompanying discussion.

8. *Richardson v. Davis,* 439 P.2d 949, 951 (Okla.1968); E. Morgan, "Delayed Attacks on Final Judgments—Part II," 33 Okla.L.R. 738, 762 (1980). Notice was given in open court in *Richardson.* The record in *Richardson* contains no evidence of the issuance of summons on the motion for new trial. Heirshberg's attorney received notice of the petition and filed a motion to dismiss the petition on January 23, 1989. Title 12 O.S.1981 § 655, see note 1, supra.

9. Title 12 O.S.1961 § 655 provides in pertinent part:
"Where the grounds for a new trial could not with reasonable diligence have been discovered before, but are discovered after the term at which the verdict or decision was rendered or made or report of the referee approved, or where the impossibility of making a case-made, without fault of the complaining party, arose after said term, the application may be made by petition filed in the original case, as in other cases, not later than the second term after such discovery or occurrence; on which a summons shall issue, be returnable and served, or publication made, as in the beginning of civil actions, or such service may be made on the attorney of record in the original case...."

10. Slater's response brief indicates that a summons was issued after objections were made concerning service. However, the record does not contain a copy of the summons. Slater is bound by the record presented for review. *Snyder v. Smith Welding & Fabrication,* 746 P.2d 168, 171 (Okla.1986).

asserts that under Rule 1.11, 12 O.S.Supp. 1986, Ch. 15, App. 2,[11] an appellant may affect a timely appeal by filing a petition in error within thirty days after the court resolves a reserved attorney fee issue.

■ In *Timmons Oil Co. v. Norman,* 794 P.2d 400–01 (Okla.1990), we found that pursuant to Rule 1.11, 12 O.S.Supp.1986, Ch. 15, App. 2,[12] an appellant could affect a timely appeal by either filing a petition in error within thirty days of the trial court's denial of a motion for new trial on the merits of a judgment, or he/she could wait until after the trial court resolved a reserved attorney fee issue and file a petition in error within thirty days of the ruling on the attorney fees.[13]

11. Rule 1.11, 12 O.S.Supp.1986, Ch. 15, App. 2, see note 2, supra.

12. *Id.*

13. C. Percival, "Procedure: Effect of Attorney Fees on Finality of Judgment—Amendment to Rule 1.11(c)," see note 5, supra; Rule 1.11, 12 O.S.Supp.1986, Ch. 15, App. 2, see note 2, supra.

The dissent relies upon *Austin v. Curry,* 651 P.2d 1320–21 (Okla.1982) for the proposition that the only judgment in a cause is rendered at the time of the ruling on the merits. A final judgment pursuant to *Austin* is the judgment from which an appeal is taken. In *Austin,* the appellee tried to extend the time for filing a petition for new trial from the date this Court dismissed her appeal for lack of a record *rather than from a ruling from the trial court on judgment.* Here, Slater sought to file his petition for new trial based on a ruling *recognized by Rule 1.11—a rule promulgated by this Court—as an appealable judgment.* Additionally, the dissent ignores this Court's ruling in *Timmons Oil Co. v. Norman,* see note 5, supra, in which we recognized that pursuant to Rule 1.11, 12 O.S.Supp.1986, Ch. 15, App. 2, see note 2, supra, an appellant could affect a timely appeal by either filing a petition in error within thirty days of the trial court's denial of a motion for new trial on the merits of a judgment, or he/she could wait until after the trial court resolved the reserved attorney fee issue and file a petition in error within thirty days of the trial court's ruling on that issue.

We note that the rule pronounced today applies to the instant cause, but that Rule 1.11 no longer contains language specifically providing that an appeal may be taken either from a ruling on

## III.

PETITIONS FOR NEW TRIAL FILED PURSUANT TO 12 O.S.1981 § 655 NEED NOT BE ACCOMPANIED BY AN AFFIDAVIT OR CONTAIN SPECIFIC ALLEGATIONS OF DUE DILIGENCE.

Heirshberg argues that the motion for new trial was insufficient because it was not accompanied by a supporting affidavit and did not contain specific allegations of due diligence. Slater contends that a petition for new trial, unlike a motion for new trial, need not be accompanied by an affidavit and that there is no requirement to plead due diligence with particularity.

■ Although 12 O.S.1981 § 654[14] contains a requirement that a motion for

the merits or from a ruling on a reserved attorney fee issue. Rule 1.11, 12 O.S.1991, Ch. 15, App. 2 provides in pertinent part:
"**(a) Computation of Time for Commencement of Appeal.** An appeal from a district court may be commenced only by filing a petition in error within thirty (30) days of the date of judgment (including final orders or decrees). The date of judgment shall be the date it was filed with the district court clerk; provided, however,

if the district court clerk or a party is directed to mail a file stamped copy of the judgment to the parties and the court record fails to show that such was performed within five (5) days, exclusive of weekends and holidays, the petition in error may be filed within thirty (30) days after a copy of the judgment was mailed to the appellant by either the clerk or another party, whichever the court record shows was earlier in time...."

14. Title 12 O.S.1981 § 654 provides:
"The application must be by motion, upon written grounds, filed at the time of making the motion. The causes enumerated in subdivisions two, three, seven, and nine of Section 5033, must be sustained by affidavits, showing their truth, and may be controverted by affidavits."
Title 12 O.S.1981 § 651 provides in pertinent part:
"A new trial is a reexamination in the same court, of an issue of fact, or of law, either or both, after a verdict by a jury, the approval of the report of a referee, or a decision by the court. The former verdict, report or decision shall be vacated, and a new trial granted, on the application of the party aggrieved, for any

new trial must be accompanied by an affidavit, there is no such requirement in § 655 for a petition for new trial on the grounds of newly discovered evidence. Unless specifically required by rule or statute, pleadings need not be verified or accompanied by an affidavit.[15] Section 655 provides that if the discovery of new evidence occurs more than ten days after judgment is rendered that an application is to be made *by petition filed in the original case, as in other cases*. The plain language of § 655, requiring that petitions be filed as in other cases, refutes the dissent's assertion that a

petition for new trial is not governed by the pleading code. Title 12 O.S.Supp.1987 § 2011 provides in pertinent part:

"... Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit...."

Additionally, pleadings need contain only a short and plain statement of the claims showing that the pleader is entitled to relief.[16] The pleading code does not require that due diligence in a petition for new trial on grounds of newly discovered evidence be stated with particularity.[17]

---

of the following causes, affecting materially the substantial rights of such party: ·
... Seventh. Newly discovered evidence ..."
The requirement that a motion for new trial, as opposed to a petition for new trial, be accompanied with supporting documents may be premised on the fact that there is less need for the presentation of evidence when a petition for new trial is filed because evidence may be presented at the hearing, see discussion pp. 10–11, infra.

**15.** Although some early cases indicate that a petition for new trial had to be verified or accompanied by an affidavit, those cases were promulgated prior to the enactment of the present procedural code. See, *Wade v. Hope*, 73 Okla. 289, 176 P. 402, 404 (1918); *Dodson & Williams v. Parsons*, 62 Okla. 298, 162 P. 1090–91 (1917). Despite the holding in these pre-code cases, at least one scholar recognized the difference between a petition and motion for new trial and suggested to practitioners that petitions for new trial need not be verified. W. Burdick, Ph.D., LL.B., *New Trials & Appeals in Kansas & Oklahoma*, § 117, p. 93 (Pipes–Reed 1907).

**16.** Title 12 O.S.Supp.1987 § 2008 provides in pertinent part:
"... A. CLAIMS FOR RELIEF. A pleading which sets forth a claim for relief ... shall contain:
1. A short and plain statement of the claim showing that the pleader is entitled to relief ..."

**17.** Title 12 O.S.Supp.1987 § 2009 provides:
"PLEADING SPECIAL MATTERS.
A. CAPACITY. It is not necessary to aver the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of an organized association of persons that is made a party. When a party desires to raise an issue as to the legal existence of any party

or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge, and he shall have the burden of proof on that issue.
B. FRAUD, MISTAKE, CONDITION OF THE MIND. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.
C. CONDITIONS PRECEDENT. In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity.
D. OFFICIAL DOCUMENT OR ACT. In pleading an official document or official act it is sufficient to aver that the document was issued or the act done in compliance with law.
E. JUDGMENT. In pleading a judgment or decision of a domestic or foreign court, judicial or quasi-judicial tribunal, or of a board or officer, it is sufficient to aver the judgment or decision without setting forth matter showing jurisdiction to render it.
F. TIME AND PLACE. For the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter.
G. SPECIAL DAMAGE. When items of special damage are claimed, their nature shall be specifically stated. In actions where exemplary or punitive damages are sought, the petition shall not state a dollar amount for damages sought to be recovered but shall state whether the amount of damages sought to be recovered is in excess of or not in excess of Ten Thousand Dollars ($10,000.00)."

## IV.

**PURSUANT TO 12 O.S.1981 § 655, A PARTY FILING A PETITION FOR NEW TRIAL ON GROUNDS OF NEWLY DISCOVERED EVIDENCE IS ENTITLED TO A HEARING PRIOR TO DISMISSAL OF THE PETITION.**

■ Heirshberg contends that the petition for new trial was procedurally insufficient to support the grant of a new trial.[18] Slater argues that he was entitled to a hearing before the dismissal of his petition for new trial on grounds of newly discovered evidence.

Title 12 O.S.1981 § 655 provides in pertinent part:

"... The facts stated in the petition shall be considered as denied without answer, and the case **shall be heard** and summarily decided after the expiration of twenty (20) days from such service and not more than sixty (60) days after such service, and the witnesses shall be examined in open court, or their depositions taken as in other cases ..." (Emphasis supplied.)

The determination of legislative intent controls judicial statutory interpretation; however, it is unnecessary to apply rules of construction to discern Legislative intent if the will is clearly expressed.[19] The use of "shall" by the Legislature is normally considered as a legislative mandate equivalent to the term "must," requiring interpretation as a command.[20] The language and command of § 655 is clear and unambiguous. It provides that a petition for new trial "shall be heard." Here, the trial court dismissed the petition for new trial before giving Slater an opportunity for a hearing.

Slater is entitled to a hearing on the petition for new trial. However, we express no opinion as to whether, after the hearing, the petition should be allowed.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS OPINION VACATED; TRIAL COURT REVERSED.**

HODGES, V.C.J., and HARGRAVE, SUMMERS and WATT, JJ. concur.

ALMA WILSON, J., concurs in part II, dissents from the remainder.

OPALA, C.J., and LAVENDER and SIMMS, JJ. dissent.

OPALA, Chief Justice, dissenting.

The court pronounces today that (a) a postjudgment ruling on attorney's fees under Rule 1.11(c)[1] extends the time to appeal from an adverse decision in a § 655[2] proceeding for new trial on grounds of

---

**18.** See Heirshberg's assertions, note 6, supra.

**19.** *Fuller v. Odom,* 741 P.2d 449, 452 (Okla.1987).

**20.** Id; *McDonald's v. Groves,* 652 P.2d 281–82 (Okla.1982).

**1.** The terms of Rule 1.11(c), Rules on Perfecting a Civil Appeal, 12 O.S.Supp.1987, Ch. 15, App. 2, were:

"Failure of the trial court to award attorney fee in any action shall not prevent a party aggrieved by the trial court's decision of all other questions from seeking a review of such judgment in this court by the timely filing of a petition in error. The trial court may determine the issue as to attorney fees after the appeal has been lodged or may reserve such issue and determine the same, together with an application for appellate related legal services, after remand of the matter from this court."

The terms of Rule 1.11(d)(2) were:

"Where the trial court reserves ruling on the attorneys fee issue a party aggrieved by the trial court's decision on other questions may obtain review of such other questions by filing timely petition in error after the trial court's ruling on the attorneys fee issue."

Rule 1.11's amendment in 1990, eff. Jan. 1, 1991, does not affect the issues in this case. For an in-depth discussion of the legal effect of this amendment, *see infra* note 42.

**2.** The terms of 12 O.S.1981 § 655 provided in pertinent part:

"Where the grounds for a new trial could not with reasonable diligence have been discovered before but *are discovered more than ten (10) days after the verdict or decision* was rendered or made or report of the referee approved, or where the impossibility of preparing a record for an appeal, without fault of the complaining party, arose more than ten (10) days after the judgment was rendered, *the application may be made by petition* filed in the original case, as in other cases, within thirty (30) days after such discovery or occurrence ... *but no such petition shall be filed more than one (1) year after the final judgment was rendered.*" (Emphasis mine.)

newly discovered evidence; (b) a § 655 petition need not be verified, be accompanied by affidavit or contain specific allegations of due diligence, and (c) this § 655 petitioner is entitled to a hearing before the petition's dismissal. *I must recede from today's pronouncement on three grounds:* (1) the § 655 petition in contest here, filed more than one year after denial of the § 651[3] motion for new trial, came too late;[4] (2) a § 655 petition triggers a special postjudgment proceeding governed solely by the procedure set forth in that section, read together with §§ 651(7) and (9),[5] 653[6] and 654,[7] which, according to our long-established jurisprudence, requires the petition to be verified and supported by affidavits;[8] and (3) this § 655 petitioner *was not entitled* to a hearing because the petition in contest, which does not meet the statu-

tory verification, affidavit and timeliness requirements, *is insufficient to challenge judicial inquiry.* I would affirm the trial court's postjudgment order dismissing the facially deficient § 655 petition.

## I

### A § 655 PETITION FOR NEW TRIAL TRIGGERS A SPECIAL POST-JUDGMENT PROCEEDING, WHICH REQUIRES THE PETITION TO BE VERIFIED AND SUPPORTED BY AFFIDAVITS

#### A.

##### The Statutory Regime Governing New Trial Quests

*Prestatehood Kansas Jurisprudence*

Oklahoma's statutory provisions govern-

---

Section § 655's amendment in 1990 (Okl.Sess.L. 1990, Ch. 251, § 11, eff. Jan. 1, 1991) does not affect the issues in this case.

**3.** The terms of 12 O.S.1991 § 651 are:

"A new trial is a reexamination in the same court, of an issue of fact, or of law, either or both, after a verdict by a jury, the approval of the report of a referee, or a decision by the court. The former verdict, report or decision shall be vacated, and *a new trial granted, on the application of the party aggrieved, for any of the following causes,* affecting materially the substantial rights of such party:

First. Irregularity in the proceedings of the court, jury, referee, or prevailing party, or any order of the court or referee, or abuse of discretion, by which the party was prevented from having a fair trial.

Second. Misconduct of the jury or prevailing party.

Third. Accident or surprise, which ordinary prudence could not have guarded against.

Fourth. Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice.

Fifth. Error in the assessment of the amount of recovery, whether too large or too small, where the action is upon a contract, or for the injury or detention of property.

Sixth. That the verdict, report or decision is not sustained by sufficient evidence, or is contrary to law.

*Seventh. Newly-discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial.*

Eighth. Error of law occurring at the trial, and excepted to by the party making the application.

*Ninth. When, without fault of complaining party, it becomes impossible to make case made."* (Emphasis mine.)

**4.** For the text of 12 O.S.1981 § 655, *see supra* note 2. *Austin v. Curry,* Okl., 651 P.2d 1320, 1321 (1982), holds that the one-year time limit for bringing a § 655 proceeding runs from the denial of a § 651 motion for new trial.

**5.** *See supra* note 3 for the text of § 651(7) and (9).

**6.** The terms of 12 O.S.1981 § 653 provided:

"Unless unavoidably prevented, the application for a new trial, if made, must be filed within ten (10) days after the verdict, report or decision is rendered regardless of whether or not the term has ended, except for the cause of *newly-discovered evidence,* material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, or *impossibility of making a case-made."* (Emphasis mine.)

Section 653's amendments in 1990 and 1991 (Okl.Sess.L.1990, Ch. 251, § 10, eff. Jan. 1, 1991; Okl.Sess.L.1991, Ch. 251, § 5, eff. June 1, 1991) do not affect the issues in this case.

**7.** The terms of 12 O.S.1991 § 654 are:

"The application must be by motion, upon written grounds, filed at the time of making the motion. The causes enumerated in subdivisions two, three, *seven* and *nine* of Section 5033 [§ 651], *must be sustained by affidavits, showing their truth, and may be controverted by affidavits."* (Emphasis mine.)

**8.** *Wade v. Hope,* 73 Okl. 289, 176 P. 402 (syllabus 2) (1918).

ing new trial quests came from Kansas.[9] A prestatehood Kansas construction of a statute later adopted in Oklahoma becomes codified with the statute and is accorded the same effect as though it had been expressly carried into the body of our legislative law.[10]

When we originally adopted the provision for a *delayed new trial petition,*[11] now in § 655, the Kansas Supreme Court had held that *verification was not required for motions*[12] or *petitions,*[13] *but affidavits were mandatory when new trial was sought on grounds of misconduct, accident or surprise or newly discovered evidence.*[14] Our early poststatehood jurisprudence modified the Kansas construction by *requiring that*

*a new trial quest on § 654 grounds (by motion or petition) be verified.*[15] Like Kansas, we have held that a § 655 petition must be supported by affidavits when new trial is sought on the grounds of newly discovered evidence.[16] Judicial construction of a statute, when followed by longstanding acquiescence, constitutes legislative approval and ratification of its accepted meaning.[17] It gives that construction the effect of legislation.[18] When a previously construed statute has been reenacted in the same or substantially similar terms, the legislature is presumed to have been familiar with its construction and to have adopted that gloss as a part of the law,

**9.** *United States v. Choctaw, O. & G.R. Co.,* 3 Okl. 404, 41 P. 729, 749 (1895).

**10.** *Lee Way Motor Freight, Inc. v. Welch,* Okl., 764 P.2d 191, 195 n. 14 (1988); *Matter of Estate of Speake,* Okl., 743 P.2d 648, 650 n. 5 (1987); *Atlantic Richfield Co. v. State,* Okl., 659 P.2d 930, 934 (1983); *Horath v. Pierce,* Okl., 506 P.2d 548, 554 (1973).

**11.** *See* R.L.1910, § 5037. At the time of the statute's adoption, the Kansas law's source was referenced in our compilation as Gen.St.Kan. 1889, par. 4405.

The terms of the adopted statute (R.L.1910, § 5037) provided:

"Where the grounds for a new trial could not with reasonable diligence have been discovered before, but are discovered after the term at which the verdict or decision was rendered or made or report of the referee approved, or where the impossibility of making a case-made, without fault of the complaining party, arose after said term, the application may be made by petition filed in the original case, as in other cases, not later than the second term after such discovery or occurrence; on which a summons shall issue, be returnable and served, or publication made, as in the beginning of civil actions, or such service may be made on the attorney of record in the original case. The facts stated in the petition shall be considered as denied without answer, and if the service shall be complete in vacation, the case shall be heard and summarily decided at the ensuing term, and if in term, it shall be heard and decided after the expiration of twenty days from such service. The case shall be placed on the trial docket, and the witnesses shall be examined in open court, or their depositions taken as in other cases; but no such petition shall be filed more than one year after the final judgment was rendered."

**12.** *St. Louis & San Fran. Railroad Co. v. Gaston,* 67 Kan. 217, 223, 72 P. 777, 779 (1903); see W.L.

BURDICK, NEW TRIALS AND APPEALS IN KANSAS AND OKLAHOMA, § 114 at 89 (Pipes–Reed 1907).

**13.** *Moody v. Branham,* 47 Kan. 314, 27 P. 975 (1891); see BURDICK, *supra* note 12, § 117 at 93.

**14.** Gen.St.Kan. (1901), § 4757. For prestatehood Kansas jurisprudence requiring affidavits for new trial motions, *see Atchison, T. & S.F.R. Co. v. Rowan,* 55 Kan. 270, 39 P. 1010, 1015–1016 (1895); *Branner v. Nichols,* 61 Kan. 356, 59 P. 633 (syllabus 5) (1900); *Parrish v. Parrish,* 67 Kan. 323, 72 P. 844, 846 (1903); *see* BURDICK, *supra* note 12, § 105 at 75, § 106 at 77, § 112 at 86. Implicit in prestatehood Kansas jurisprudence is the assumption that affidavits are required for new trial petitions. *See Soper v. Medberry,* 24 Kan. 95 (1880); *Sexton v. Lamb,* 27 Kan. 432 (1882); *McMullen v. Winfield Building & Loan Ass'n,* 4 Kan.App. 459, 46 P. 410 (1896); *see* also BURDICK, *supra* note 12, § 117 at 93.

**15.** For the text of 12 O.S.1991 § 654 *see supra* note 7; *see Jones v. Eppler,* Okl., 266 P.2d 451, 459 (1954); *Zusman v. First State Bank of Lovell,* 178 Okl. 330, 63 P.2d 760, 763–764 (1936); *Peters v. White,* 169 Okl. 640, 38 P.2d 523, 526 (1934); *Wade v. Hope, supra* note 8.

**16.** Oklahoma jurisprudence requires the affidavits to be attached to the petition. *Wade v. Hope, supra* note 8; *Bellis v. Radabaugh,* 134 Okl. 9, 272 P. 423 (syllabus 1) (1928). In Kansas, the affidavits may be presented at the hearing. *Werner v. Edmiston,* 24 Kan. 109 (1880).

**17.** *Horath v. Pierce, supra* note 10 at 553; *Ballard v. Christian,* Okl., 451 P.2d 943, 945 (1969); *Larkin v. Hiittenmeyer,* 195 Okl. 669, 161 P.2d 749, 750–751 (1945); *McCain v. State Election Board,* 144 Okl. 85, 289 P. 759, 762–763 (1930).

**18.** *Couch v. International Broth. of Teamsters,* Okl., 302 P.2d 117, 119 (1956).

unless a contrary intent should clearly appear.[19]

The originally adopted statute—our § 655's predecessor—remained unchanged until its 1968 amendment.[20] It was then revised to make the procedure compatible with the abolition of terms of court.[21] Except for this change, the pre–1968 version of § 655 stood reenacted. Although our early decisions may have somewhat strayed from the meaning given § 655 in Kansas, we must assume today that (a) the legislature, cognizant of the interpretation consistently placed by this court on § 655 over the years, has acquiesced in and approved the Oklahoma construction by failing to amend that section and (b) by reenacting § 655 in substantially the same terms, the legislature adopted its judicial construction as a part of our statutory law.

### Oklahoma's jurisprudential and statutory law

The procedure for invoking new trial relief is found in §§ 651,[22] 653,[23] 654[24] and 655.[25] A new trial quest may be sought either by a § 655 petition or by a § 651 motion. The movant or petitioner, as the case may be, must substantially comply with this statutory scheme.[26]

A § 655 petition triggers a *special post-judgment proceeding* governed solely by procedure set forth in that section, which must be read together with §§ 651(7) and (9),[27] 653 and 654. The grounds for § 655 relief are limited to newly discovered evidence and impossibility of making a record.[28] Section 654 provides that a quest for new trial on these grounds "must be sustained by affidavits, showing their truth."[29] In the case of newly discovered evidence, § 653 provides that it must be "material" evidence the petitioner "could not, with reasonable diligence, have discovered and produced at trial."[30] Two time limits are provided for § 655 relief—30 days for filing a new trial quest upon discovery or occurrence and *a one-year outer limit from the time when judgment first becomes appealable.*[31] In contrast, a § 651 motion for new trial must be brought *not more than ten days* after the "verdict, report or decision is rendered"[32] and is limited to § 651 grounds.[33]

19. *Horath v. Pierce, supra* note 10 at 553; *Larkin v. Hiittenmeyer, supra* note 17 at 161 P.2d 751.

20. For the adopted version of § 655, *see* R.L. 1910, § 5037, *supra* note 11; for the 1969 version of § 655 applicable to this controversy, *see supra* note 2.

21. The statutory regime establishing terms of courts was abolished in 1968 (Okl.Sess.L.1968, Ch. 162, § 8) and 1969 (Okl.Sess.L.1969, Ch. 134, § 2). For some of the terms-of-court statutes that were repealed, *see* 20 O.S.1961 § 95 (district court), 20 O.S.1961 § 657 (court of common pleas), 20 O.S.1961 § 164 (superior court), and 20 O.S.1961 § 280 (county court).

22. For the text of 12 O.S.1991 § 651 *see supra* note 3.

23. For the text of 12 O.S.1981 § 653 *see supra* note 6.

24. For the text of 12 O.S.1991 § 654 *see supra* note 7.

25. For the text of 12 O.S.1981 § 655 *see supra* note 2.

26. A new trial quest must be reviewed in conjunction with the statutory scheme, and an "application for new trial" (whether by motion or petition) "must substantially comply with the statutes." *Southern Kansas Stage Lines Co. v. Wynne,* 178 Okl. 440, 63 P.2d 68, 69 (1936).

27. For the text of 12 O.S.1991 § 651(7) and (9), *see supra* note 3.

28. *See supra* note 2 for the pertinent text of 12 O.S.1981 § 655.

29. For the text of 12 O.S.1991 § 654, *see supra* note 7.

30. For the text of 12 O.S.1981 § 653, *see supra* note 6.

31. For the text of 12 O.S.1981 § 655, *see supra* note 2; *Austin v. Curry, supra* note 4 at 1321.

32. *See* 12 O.S.1981 § 653, *supra* note 6.

33. 12 O.S.1991 § 651, *supra* note 3. A § 651 motion on grounds enumerated in subdivisions 2 (misconduct), 3 (accident or surprise), 7 (newly discovered evidence) and 9 (impossibility of making a record), must also comply with the terms of § 654, *supra* note 7. The latter section requires that a new trial quest pressed on these grounds be supported by affidavits. Oklahoma jurisprudence calls for the motion to be verified. *Jones v. Eppler, supra* note 15 at 459; *Zusman v. First State Bank of Lovell, supra* note 15 at 63

By an unbroken line of authority our jurisprudence has established that a new trial quest grounded on newly discovered evidence, *whether by § 655 petition or § 651 motion,* must be supported (a) by affidavits of witnesses showing the truthfulness of the matter alleged and (b) by a verified § 655 petition or § 651 motion stating that the evidence could not with reasonable diligence have been produced at trial.[34] The cogent rationale for mandated conformity to the verification and affidavit requirement is twofold—to prevent a solemn jury verdict from being set aside on mere unsupported allegations and to protect the rights of successful parties.[35]

### B.

### A § 655 Postjudgment Proceeding Is Not Governed By the Pleading Code

The § 655 postjudgment procedural regime was left undisturbed by the adoption of the Oklahoma Pleading Code of 1984.[36] That code applies exclusively to district court "actions" [37] and only to those stages of district court proceedings which extend *from inception of an action to judgment.*[38] It does not apply to selective statutory postjudgment proceedings for which special statutory procedure remains intact and undisturbed.[39] For the latter proceedings our continued resort must be to the pre-Code jurisprudence whose remedial regime remains in full force. It requires that a § 655 petition be verified and supported by affidavits.[40]

---

P.2d 763–764; *Peters v. White, supra* note 15 at 38 P.2d 526.

**34.** *Wade v. Hope, supra* note 8; *Jones v. Eppler, supra* note 15 at 459; *Zusman v. First State Bank of Lovell, supra* note 15 at 63 P.2d 763–764; *Peters v. White, supra* note 15 at 38 P.2d 526. In *Bellis v. Radabaugh, supra* note 16 at 272 P. 423 (syllabus 1), the court held that the new trial quest must be verified, showing the truth of the matters alleged. The court stated that "it is not enough to attach an affidavit of the witness, *leaving the allegations as to diligence ... unverified.*" (Emphasis mine.)
*Wade, supra* note 8 was criticized in E.D. MORGAN, DELAYED ATTACKS ON FINAL JUDGMENTS, PART II, 33 Okl.L.Rev. 737, 761 (1980). Prof. Morgan's critique seems to be misplaced since *Wade* is compatible with the remedial regime, then extant, which required that an affidavit include extra-record facts sought to be used in vacation proceedings to demonstrate an infirmity in the judgment. 12 O.S.1991 § 1033; 12 O.S.1981 § 176 (default judgments, repealed in 1984); 58 O.S.1991 § 723 (probate proceedings). *In this case the defendant did not challenge Wade's continued vitality. Even if Prof. Morgan were correct in his critique, overruling long-established jurisprudence sua sponte would be most imprudent in this case. See* in this connection *State ex rel. Okl. Bar Ass'n v. Lobaugh,* Okl., 781 P.2d 806, 813 (1988) (Opala, J., dissenting), and *Davis v. B.F. Goodrich,* Okl., 826 P.2d 587, 592, 593–594 n. 12 (1992) (Opala, C.J., concurring), for a discussion of limits on *sua sponte* use of appellate reversal power. *This is not the proper case in which to revisit the correctness of Wade's underpinnings.*

**35.** *Bryan v. Ramsey,* 115 Okl. 133, 242 P. 222, 224 (1925).

**36.** 12 O.S.1991 §§ 2001 et seq. The Pleading Code was adopted in 1984 (Okl.Sess.L.1984, Ch. 164, §§ 1 et seq., eff. Nov. 1, 1984).

**37.** *Board of Law Library Trustees v. State ex rel. Tom Petuskey,* Okl., 825 P.2d 1285, 1288 [1992]. In *Petuskey* we held that a public-law court fund claim "moves along a procedural track vastly different from an 'action' on a claim governed by the Pleading Code ... and by the rules of practice applicable to the ordinary process of adjudication." *Id.* at 1288.

**38.** Section 2011 of the Pleading Code, which provides that "pleadings need not be verified or accompanied by affidavit," is not applicable to the § 655 postjudgment procedural regime.

**39.** *Petuskey, supra* note 37 at 1288 n. 11, observes that the Pleading Code does not apply to many classes of proceedings which are not "actions" governed by the district court's process of ordinary judicature. See, e.g., the Uniform Adoption Act, 10 O.S.1991 §§ 60.1 et seq.; the provisions of 10 O.S.1991 §§ 1101–1506, commonly known as the "Juvenile Code" or "Children's Code;" statutes governing filiation proceedings, 10 O.S.Supp.1989 § 70 et seq.; probate procedure, 58 O.S.1991 § 1 et seq., and condemnation proceedings for highways, 68 O.S.1991 § 1708, and railroads, 66 O.S.1991 § 51 et seq.

**40.** *Wade v. Hope, supra* note 8; *Bellis v. Radabaugh, supra* note 16.

## II

## A § 655 PETITION BROUGHT MORE THAN ONE-YEAR AFTER DENIAL OF A § 651 NEW TRIAL MOTION IS UNTIMELY

### A.

### A § 655 Proceeding Is Not Governed By Rule 1.11(c) [41]

The court, relying on the language of Rule 1.11(c), now withdrawn and replaced,[42] allows the defendants more than one year from denial of their § 651 new trial motion to bring a § 655 petition. This extra-legal largesse plainly violates Oklahoma's ruling case law.[43]

The appealability of an adverse decision in a *delayed attack* on a judgment launched by a § 655 petition is governed by independent statutory time limits,[44] not by Rule 1.11(c). That rule stands limited to cases where, immediately after judgment, the attorney's fee issue is reserved or otherwise stands undetermined.[45]

If today's interpretation of Rule 1.11(c) were correct, the court's decision would *change* the time limit for filing a § 655 petition. *The court is powerless to postpone by a rule the point at which appeal time begins to run for review of a § 655 decision.* A rule must follow statutory law, and whenever it is inconsistent with a legislative enactment, the statute will prevail.[46]

Moreover, today's construction of Rule 1.11(c) would also operate to extend the

---

**41.** For the terms of Rule 1.11(c), now abrogated, *see supra* note 1.

**42.** Rule 1.11(c) was withdrawn and replaced by Rules 1.11(a) and 1.12(c), Rules on Perfecting a Civil Appeal, 12 O.S.1991, Ch. 15, App.2, (as amended by order of Dec. 20, 1990, eff. Jan. 1, 1991), *infra.* Rules 1.11(a) and 1.12(c) do not *now* allow an appeal to be postponed until disposition has been made of a postjudgment motion for counsel-fee award. Rule 1.11(c) was abrogated because, by the enactment of 12 O.S.Supp.1990 §§ 1001 and 1004, effective January 1, 1991, it was no longer possible to delay the perfection of an appeal from a judgment by a motion for counsel-fee award. Sections 1001 and 1004 had a five-month life span; they were repealed effective June 1, 1991. Our rules, which were based on these statutes, remain unchanged.
Rule 1.11(a), *supra,* states in pertinent part:
"An appeal from a district court may be commenced only by filing a petition in error within thirty (30) days of the date of judgment (including final orders or decrees). The date of judgment shall be the date *it was filed* with the district court clerk...." (Emphasis added.)
The pertinent terms of Rule 1.12(c), *supra,* are:
"A post-judgment motion which seeks only a determination or award of costs, attorney's fees or interest, no matter when filed, shall not delay or extend the running of time to appeal the judgment. 12 O.S.Supp.1990 §§ 1001, 1004. * * * "

**43.** *Austin v. Curry, supra* note 4.

**44.** For the time limits for bringing a § 655 petition, *see supra* note 2. For the time limits for bringing postjudgment vacation proceedings by § 1031.1 motion and § 1031 motion or petition, *see* § 1031.1, *infra* note 47, § 1032, *infra* note 49, and § 1038, *infra* note 50. Proceedings under these statutes, like § 655 proceedings, are delayed attacks on the judgment. *See* MORGAN, *supra* note 34 at 738–747.

**45.** Under Rule 1.11(c), *supra* note 1, and (d)(1), a timely appeal can be lodged by a petition in error brought within thirty days of the denial of a § 651 motion. In the alternative, pursuant to the terms of subsection (d)(2), *supra* note 1, where the trial court reserves ruling on counsel fees, an appellant can wait until disposition of the undetermined fee issue and then, within thirty days following that issue's resolution, file a petition in error for review of errors in both of these two consecutive decisions. *See Timmons Oil Co., Inc. v. Norman,* Okl., 794 P.2d 400, 401–402 (1990) (Opala, V.C.J., dissenting).
The court relies on *Timmons Oil Co., Inc. v. Norman, supra* at 401, for the conclusion that the § 655 petition was timely filed. *Timmons is not applicable to the present controversy.* There, the court dealt solely with whether, conformably to Rule 1.11, the appellant's petition in error was filed timely to tender for our review either the initial decision or a later ruling on attorney's fees. Although *Timmons* notes that an appeal may be by a timely petition to review a postjudgment counsel-fee award, that issue differs entirely from the one presented here. *This case is governed by Austin v. Curry, supra note 4. For an in-depth discussion of the Austin parameters, see Part II(B), infra.*

**46.** Insofar as Rule 1.11(c), *supra* note 1, might be viewed as conflicting with § 655, the statute must control. *Hulsey v. Mid–American Preferred Ins. Co.,* Okl., 777 P.2d 932, 936 n. 9 (1989); *Oklahoma County Sheriff v. Hunter,* Okl., 615 P.2d 1007, 1008 (1980); *Transok Pipe Line Company v. Darks,* Okl., 515 P.2d 218, 219 (1973).

time for bringing postjudgment vacation proceedings by a § 1031.1[47] motion (also known as a term-time motion to vacate) or a § 1031[48] motion or petition. The time limit for filing a § 1031 motion is governed by §§ 1032[49] and 1038.[50] Sections 1031.1, 1031, 1032 and 1038 all establish *exclusive* procedure for postjudgment proceedings— as is true of § 655. These sections, like § 655, are not affected by Rule 1.11(c), nor can they be. This is so because they all have *independent statutory time limits, none of which is tied to any appeal for review of the judgment.*

**47.** The provisions of 12 O.S.1991 § 1031.1 are: "Within thirty (30) days after the rendition of a judgment, the court, of its own initiative or on motion of a party, may correct, open, modify or vacate a judgment. The court may prescribe what notice, if any, shall be given."

**48.** The terms of 12 O.S.1991 § 1031 provide: "The district court shall have power to vacate or modify its own judgments or orders *within the times prescribed hereafter:*

First. By granting a new trial for the cause, within the time and in the manner prescribed in Section 653 of this title.

Second. By a new trial granted in proceedings against defendants constructively summoned, as provided in Section 176 of this title.

Third. For mistake, neglect or omission of the clerk or irregularity in obtaining a judgment or order.

Fourth. For fraud, practiced by the successful party, in obtaining a judgment or order.

Fifth. For erroneous proceedings against an infant, or a person of unsound mind, where the condition of such defendant does not appear in the record, nor the error in the proceedings.

Sixth. For the death of one of the parties before the judgment in the action.

Seventh. For unavoidable casualty or misfortune, preventing the party from prosecuting or defending.

Eighth. For errors in a judgment, shown by an infant in twelve (12) months after arriving at full age, as prescribed in Section 700 of this title.

Ninth. For taking judgments upon warrants of attorney for more than was due to the plaintiff, when the defendant was not summoned or otherwise legally notified of the time and place of taking such judgment." (Emphasis mine.)

**49.** The pertinent provisions of 12 O.S.1991 § 1032 are: "The proceedings to correct mistakes or omissions of the clerk, or irregularity in obtaining a judgment or order, shall be by motion, upon

## B.
## The *Austin v. Curry*[51] Parameters

The *Austin* parameters govern the law in force at the time of the judgment here under review as well as today's law. *Austin* teaches that the one-year time limit for bringing a § 655 proceeding *is triggered by the point when the judgment to be set aside first becomes appealable.* In the case of a timely § 651 new trial motion,[52] it is the time that motion is denied.[53]

The judgment in this case *first became appealable* when the § 651 motion was *de-*

reasonable notice to the adverse party or his attorney in the action. The motion to vacate a judgment because of its rendition before the action regularly stood for trial can be made *only within three (3) months after the rendition of said judgment.*" (Emphasis added.)

**50.** The pertinent provisions of 12 O.S.1991 § 1038 are:

"Proceedings to vacate or modify a judgment or order, for the causes mentioned in paragraphs 4, 5 and 7 of Section 1031 of this title must be commenced within *two (2) years* after the judgment was rendered or order made, unless the party entitled thereto be an infant, or a person of unsound mind and then within *two (2) years* after removal of such disability. Proceedings for the causes mentioned in paragraphs 3 and 6 of Section 1031 of this title, shall be within *three (3) years,* and in paragraph 9 of Section 1031 of this title, within *one (1) year* after the defendant has notice of the judgment. A void judgment may be vacated at any time, on motion of a party, or any person affected thereby." (Emphasis mine.)

**51.** *Supra* note 4. In *Austin,* as in the present case, the § 655 petition was filed more than one year after the § 651 motion for new trial was denied.

**52.** *See supra* note 3 for the text of § 651.

**53.** A timely-filed § 651 motion extends appeal time and, on its denial, if error was properly preserved, the movant can secure full review of the entire judgment and of all proceedings that led to it. *Schepp v. Hess,* Okl., 770 P.2d 34, 36 n. 2 (1989). By contrast, appeal time is not extended by any postdecisional quest for relief under (1) § 1031, *supra* note 48, or § 1031.1 (term-time), *supra* note 47, to vacate, modify or correct a decision, or (2) § 655, *supra* note 2, for new trial. In an appeal from §§ 1031, 1031.1 or 655 dispositions, review is confined to the correctness of the trial court's response to granting or denying the relief that was sought. *Yery v. Yery,* Okl., 629 P.2d 357, 363 (1981);

*nied on September 9, 1987.* The § 655 petition came too late. It was filed *December 2, 1988, more than one year after September 9.* The pre–1991 law, which was in effect at the time of this judgment's rendition, made denial of new trial effective from *its pronouncement.*[54] Today, the § 655 one-year time limit would not begin to run until the *§ 651 motion has been denied and its memorial filed.*[55]

### C.

A Postjudgment Ruling On A Party's Quest For Attorney's Fees Does Not Extend The Time To Appeal From An Adverse Decision In A § 655 Proceeding

The post-*Austin* adoption in 1986 of Rule 1.11(c) did not change the time frame for an appeal from an adverse ruling on a § 655 proceeding. A § 655 ruling generates a quest for review *that is totally independent* of an appeal for review of the judgment. A postjudgment ruling on coun-

sel-fee quest did not hence extend the time for this petitioner's appeal from the denial of relief under § 655.

Our jurisprudence is clear that special postjudgment proceedings are entirely independent of corrective relief sought by appeal from the judgment. In *Matter of Estate of Burkhart v. Wabaunsee*[56] we held that § 655 relief on grounds of impossibility of securing a record is "independent of, and collateral to" any appeal to review the judgment. The pendency of such an appeal (or the appeal's prior dismissal) does not operate to make the judgment impervious to § 655 proceedings. Similarly, in *Salyer v. National Trailer Convoy, Inc.,*[57] and *Schepp v. Hess*[58] we said that postjudgment vacation quests under §§ 1031 [59] and 1031.1 [60] are independent postjudgment proceedings. More recently in *Central Plastics Company v. Barton Industries, Inc.,*[61] we reiterated that postjudgment appeals are unaffected by 12 O.S.1991 § 1006 [62] (which governs in cases involving

---

*Salyer v. National Trailer Convoy, Inc.,* Okl., 727 P.2d 1361, 1362 (1986).

**54.** The then-effective court rule, Rule 1.11(a), 12 O.S.1981, Ch. 15, App. 2, stated: "Time for commencement of an appeal to review a final judgment or final order of the district court shall run from the day the decision is *rendered.*" (Emphasis mine.) In *Warehouse Market, Inc. v. Berry,* Okl., 459 P.2d 853, 854 (1969), we held that "[j]udgment is rendered when *pronounced* by the trial court and the journal entry is only a record thereof." *See* also 12 O.S.1981 § 655, *supra* note 2, the pre–1991 version of § 655 which governs this case.

**55.** The pertinent terms of 12 O.S.1991 § 990A(A) (as amended by Okl.Sess.L.1991, Ch. 251, § 15, eff. June 1, 1991) are:
"An appeal to the Supreme Court may be commenced by filing a petition in error with the Clerk of the Supreme Court *within thirty (30) days from the date the final order or judgment is filed....*" (Emphasis mine.)
The terms of 12 O.S.1991 § 655 (as amended by Okl.Sess.L.1990, Ch. 251, § 11, eff. Jan. 1, 1991) provide in pertinent part:
"... but no such [§ 655 petition] shall be filed more than one (1) year after the *filing* of final judgment." (Emphasis mine.)
*See* Rules 1.11(a) and 1.12(c), Rules on Perfecting a Civil Appeal, 12 O.S.1991, Ch. 15, App. 2 (as amended by order of Dec. 20, 1990, eff. Jan. 1, 1991), *supra* note 42.

**56.** Okl., 594 P.2d 361, 363 (1979).

**57.** *Supra* note 53.

**58.** *Supra* note 53.

**59.** For the text of 12 O.S.1991 § 1031, *see supra* note 48.

**60.** For the text of 12 O.S.1991 § 1031.1, *see supra* note 47.

**61.** Okl., 818 P.2d 900 (1991). *Barton Industries* dealt with an appeal from denial of motion to vacate default judgment against one of several defendants, leaving the remaining defendants in the pending action.

**62.** The terms of 12 O.S.1991 § 1006 provide:
"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the preparation and filing of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the filing of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject

multiple claims or multiple parties). This is so because a postjudgment order is an "independently appealable postjudgment event."[63]  In sum, *a postjudgment appeal has a narrow scope and its issues are independent of an appeal for review of a judgment.*[64]

*The same reasoning applies here. Rule 1.11(c) did not make a judgment unappealable when a counsel-fee motion remained pending. It merely allowed an appeal for review of the judgment to be postponed at the option of the appellant. Now, as before under the teachings of Austin, denial of the § 651 motion triggers the one-year limit for a § 655 petition's filing.*

### III

A § 655 PETITION THAT IS FACIALLY INSUFFICIENT TO CHALLENGE A JUDICIAL INQUIRY DOES NOT WARRANT A HEARING ON THE NEW TRIAL QUEST

An unverified § 655 petition that facially shows itself to be too late when measured by the *Austin* teachings is insufficient to challenge a judicial inquiry into the new trial quest and hence *does not call for a hearing.* Any facially deficient court-filed paper which does not challenge judicial inquiry is dismissible *sans* hearing.[65]  I *would hold that the trial court committed no error in dismissing this proceeding. This is so because—from the four corners of the § 655 petition—the nisi prius judge could ascertain that it was insufficient for failure to meet the statutory requirements of timeliness, affidavits and verification to warrant a judicial inquiry.*

### SUMMARY

The Pleading Code of 1984 does not govern the § 655 postjudgment proceedings. A § 655 petition triggers *a special proceeding* governed solely by the procedure set forth in that section, read together with §§ 651, 653, and 654. The applicable statutory regime requires that a § 655 petition on grounds of newly discovered evidence be verified and supported by affidavits. Under the remedial parameters of *Austin* the one-year time limit to file a § 655 proceeding is triggered by the point when the judgment to be set aside for new trial *first becomes appealable.* This occurred here when the trial judge orally denied the § 651 new trial motion. *A postjudgment ruling on attorney's fees does not extend the time to appeal from the denial of § 655 relief.* If it were otherwise, the rule would contravene our statutory remedial regime for delayed attacks on judgments and hence be deemed infirm. Because the § 655 petition was filed in this case *more than one year after the judgment first became appealable and is neither verified nor supported by affidavits, it does not challenge judicial inquiry. Petitioners clearly were not entitled to a hearing.*

I would hence affirm the trial judge's postjudgment order dismissing the facially deficient § 655 petition.

---

to revision at any time before the judgment adjudicating all the claims and the rights and liabilities of all the parties is filed with the court clerk."

**63.** In *Barton Industries, supra* note 61 at 900, we held that in appeals from postjudgment vacation proceedings, our inquiry *focuses not "on the underlying judgment, but rather on the correctness of the trial court's response to the motion to*

*vacate, which is an independently appealable postjudgment event."*  (Emphasis mine.)

**64.**  *Yery v. Yery, supra* note 53 at 363.

**65.**  *See, e.g., Wade v. Hope, supra* note 8, where we affirmed the trial court's dismissal of the § 655 petition on grounds it neither was verified nor stated facts sufficient to entitle the petitioner to new trial relief.